# REPORTS

OF

# CASES ARGUED AND DETERMINED

## At June Term, 1855.

---

## INGRAM ET AL. *vs.* THE STATE.

[SCIRE FACIAS ON FORFEITED BAIL-BOND.]

1. *Re-arrest of defendant for same offence no discharge of bail.*—After the defendant has been arrested on a criminal charge, and has given bail for his appearance at court, the magistrate has no authority, on the supposition that his bail are insufficient, to cause him to be re-arrested for the same offence; such irregular re-arrest, therefore, is no discharge of his bail.

2. *Nor is subsequent arrest on another charge, or delivery by another State on requisition of governor.*—The subsequent arrest of the defendant on another charge, or his delivery (after escaping from his bail) by the authorities of another State on the requisition of the governor, when the demand does not seem to be predicated on the same charge, does not discharge his bail; their remedy in such case, *it seems,* is by application for *habeas corpus.*

3. *Judicial notice taken of sheriffs.*—The courts are bound to know judicially who are the sheriffs of the several counties in the State.

APPEAL from the Circuit Court of Tuskaloosa.
Tried before the Hon. GEORGE D. SHORTRIDGE.

ABIJAH INGRAM, one of the appellants, having been arrested on a charge of horse-stealing, and required to give bond for his appearance at the next term of the Circuit Court to answer the charge, thereupon entered into the required bond, with his co-appellants, Isbon Ingram and William W. Thomp-

2

son, as his sureties. At the next term of the court, judgment *nisi* was rendered against the defendant and his sureties for their default, and on this judgment a *scire facias* was issued, which was returned executed as to Isbon Ingram, and not found as to the others; and an *alias scire facias* was subsequently issued, which was executed on said Thompson, and returned not found as to Abijah Ingram. After one continuance of the cause by the defendants who had been served with process, they filed three pleas to the *sci. fa.*; the first of which was *nul tiel record*, and the other two were as follows:

"2. That after the said Abijah Ingram had been arrested by virtue of a warrant, upon a charge of horse-stealing, and the court of inquiry had duly investigated the said charge, and had taken the bond specified in the *scire facias*, and discharged the said Ingram,—representations being made to the said court of inquiry by ——— that the sureties on the said bond were insufficient, thereupon issued another warrant, directed to any lawful officer, commanding him to arrest said Ingram again on the identical charge upon which he had given bond and been discharged as aforesaid; by virtue of which said warrant, the sheriff of the county aforesaid attempted to re-arrest the said Ingram while in the custody of his bail, and in said attempt caused him to break from their custody and escape; which discharged the said defendants from all liability on the bond aforesaid.

"3. And the defendants, by leave of the court, further say, that in a short time (to-wit, about two months) after the escape of said Ingram, and before the execution of the *sci. fa.* as aforesaid, and just after the term of the court to which he was required to appear, on application to H. W. Collier, governor of the State of Alabama, he (the said Collier) made a demand on the governor of the State of Louisiana for the body of said Ingram; and by virtue of said demand, the said Ingram was taken, and delivered to one Robert P. Blount, the agent appointed by the governor of the State of Alabama, and brought back to said State of Alabama; thereby depriving said defendants of the power to secure and deliver up the said Ingram, if in fact they were bound to do so: the said Ingram being thus placed in the custody of the law, discharged the said defendants from all obligation on

the bond aforesaid, which they are now ready to verify," &c.

The court sustained a demurrer to the second and third pleas, and its ruling in this behalf is now assigned for error.

E. W. PECK, for the appellants, made these points :—

1. The second plea set up a good defence as to the bail, because it showed that the State, on her part, had violated the contract between her and them, and thereby discharged them from their undertaking.—Code, §§ 3676, 3678, 3685 ; Martin v. Chapman, 5 Port. 344 ; The People v. The Judges of Onondaga Common Pleas, 1 Cowen's R. 54 ; Flack v. Eager, 4 Johns. 185.

2. The third plea, also, shows a good defence—that the State prevented the bail from surrendering their principal, and thereby discharged them.—Code, § 3685 ; Pharr & Beck v. Bachelor, 3 Ala. 245.

3. The judgment against the principal is erroneous, because the record does not show that the two returns of *nihil* as to him were made by an officer of the county in which the undertaking of bail was entered into ; and therefore the judgment, being an entire thing, must be reversed as to all the parties. Code, § 3697; Earle, adm'r &c., v. Reid, 25 Ala. 463.

M. A. BALDWIN, Attorney General, *contra.*

CHILTON, C. J.—1. The pleas demurred to (Nos. 2 and 3) are clearly bad. The magistrate, having caused the defendant, Abijah Ingram, to be arrested under his warrant, having examined the case, and taken from the prisoner a bail bond for his appearance at court, had no authority again to cause him to be re-arrested for the same offence, upon the supposition that the bail were insufficient. His proceedings in issuing his subsequent warrant were irregular, and furnish no ground of defence to the bail, and would have furnished none, had the principal been arrested under it, much less when it merely operated to induce the principal to break from the custody of his bail.

2. That the principal, after he had escaped from his bail, as above stated, was demanded by the governor of this State of the authorities of Louisiana, and was delivered to the

agent of the Alabama governor, and brought back to this State, is no discharge of the bail. It does not appear that the principal was in the custody of the governor's agent, upon a demand predicated on the charge which he was bound to appear and answer in the Circuit Court by this bond. *Non constat*, that it was not upon another charge—one upon which he might well have been arrested. It could not be maintained that a party who is out on bail for one offence could not be arrested for another by the State—that his being, in legal contemplation, in the custody of his bail, should place him beyond the reach of arrest, and thus purchase for him an exemption from trial for other criminal offences.

We think, where the party is arrested by subsequent process, while in the custody of his bail, and his person is thus transferred to the custody of the law, to answer other offences, the writ of *habeas corpus* to bring the prisoner up for trial, or to be surrendered up in discharge of the bail, furnishes an adequate remedy. Such subsequent arrest, in our opinion, is no discharge of the bail.

3. We are bound judicially to know who are the sheriffs of the several counties.—1 Green. Ev. § 6. There appear to be two returns of *nihil* by the sheriff of Tuskaloosa county, where the recognizance was entered into and the proceeding was pending.

Judgment affirmed.