## A. T. FOSTER ET AL. V. THE STATE

### No. 1528.   Decided November 24, 1897.

.Appearance Recognizance—Release of Sureties—Construction of Statute.

Article 498, Code of Criminal Procedure, provides: "When a defendant, who has been arrested for a felony under a capias, has previously given bail to answer said charge, his sureties shall be released by such arrest and he shall be required to give new bail." Held, that this statute does not apply, where there are two cases pending, to a second arrest of the principal under a second indictment, even though the two pending indictments were based upon one and the same transaction, and it is immaterial that the second indictment is for precisely the same offense and identical with the first. The sureties on the bail obligation in the first case can not plead their discharge by reason of arrest and giving bail under the second indictment.

APPEAL from the District Court of Harrison.   Tried below before Hon. W. J. GRAHAM.

Appeal from a judgment final on a forfeited recognizance.

The case is sufficiently stated in the opinion.

*Charles E. Carter*, for appellants.—When a defendant, who has been arrested for a felony under a capias, has previously given bail to answer said charge, his sureties shall be.released by such arrest, and he shall be required to give new bail.   Code Crim. Proc., art. 498 [462]; Gary v. State, 11 Texas Crim. App., 527; Brown v. State, 28 Texas Crim. App., 65; Lindley v. State, 17 Texas Crim. App., 120; Ex Parte Mosby, 31 Texas, 566; Peacock v. State, 44 Texas, 11; Roberts v. State, 2 S. W. Rep., 622.

*Mann Trice*, Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—This is an appeal from a judgment final upon a forfeited recognizance, and appellants are the sureties.   Their principal was indicted for theft of hogs.   In answer to the scire facias, among other things, it is set up in their answer that defendant was arrested upon a capias issued from the same district court upon a second indictment, charging the same offense, and that they were thereby released from the first obligation.   Both indictments were still pending.   In the first 'indictment there was but one count, charging theft of hogs.   In the second indictment there are several counts, two of which charged theft of hogs. In the first count in the second indictment the ownership is alleged substantially as in the first indictment.   The second count of the second indictment charges ownership in a different party.   There are then several other counts in the second indictment charging receiving and concealing the hogs, knowing them to be stolen.

Article 498 of the Code of Criminal Procedure of 1895 provides, "When a defendant who has been arrested for a felony, under a capias, has previously given bail to answer said charge, his sureties shall be released by such arrest, and he shall be required to give new bail."   Appellants' contention is that by the arrest of their principal under the second indict-

ment, under this statute, they were relieved of their obligation under the first; and we are referred to several cases decided by our Court of Appeals and Supreme Court in support of this proposition. An examination of those authorities will show that, where the question has been so decided, it was in a case in which the principal was arrested under the same indictment; or where he was arrested after an indictment found against him on a charge founded upon a complaint filed in the justice court, and had given bail to appear before the district court to answer any indictment that might be found by the grand jury under said proceeding from the justice court. These authorities, we think, are correct, but they are not applicable to the case in hand. Here we have two cases pending, both of which, it is conceded, grew out of the same transaction, the first being for theft only, whereas the second charges theft from different owners in different counts, as well as receiving and concealing the property after it was stolen. Taking this view of the case, it is evident that the State had the right to charge the defendant, in separate indictments, with the theft from the different owners, as well as in separate indictments, with the reception and concealment of said property. Had the State pursued that policy, and required bond in each case, it would have appeared to appellants that their proposition would have been untenable. An inspection of the first indictment shows the allegations of ownership to be in Sanders. In the second indictment, the property is alleged in Livingstone. But suppose the indictment in the second case set up a theft only of the same property, and in the same manner as that alleged in the first; still it would not alter the question. The appellants could not be heard to complain. It is true, it may be the same transaction, but this can not be urged to avoid a forfeiture of the bail taken in the first case. It is well settled, under the decisions of this court, that where property has been taken in one county and carried into another, and indictments have been returned against a defendant in both counties, he can not plead freedom from arrest in the second county because of the pendency of the indictment in the first. That question was decided in Schindler v. State, 15 Texas Criminal Appeals, 394, and there have been several cases since following the rule there laid down. There is no question that, in the case put, it is the same cause; and, as put, it is a second arrest in the same case, though under different indictments. Had the defendant been arrested in this case a second time under the first indictment, the prior sureties would have been discharged; but under an arrest under the second indictment, charging an offense growing out of the same transaction, this rule does not obtain, nor was the statute intended to cover such cases. The recognizances in both cases recited the offenses of which defendant stood charged as being theft of hogs. In the first indictment the ownership, as before stated, was charged in Sanders. In the second count of the second indictment it was alleged to be in Livingstone. The second indictment was evidently found to cover the different phases of anticipated testimony, and, if the second indictment only charged the theft in Livingstone, appellants would hardly contend that

the article above quoted (498) would apply, and the theft of the hogs mentioned in the second recognizance would apply as well to the theft from Livingstone as from Sanders. So in no event do we believe there is anything in the proposition contended for by appellants. We further hold it would be immaterial that the second indictment was for precisely the same offense, and was identical with the first. The sureties on the bail bond in the first case could not plead their discharge by reason of arrest and giving bail under the second indictment. It is entirely competent for the State to hold the principal and sureties under bail or recognizance to answer both indictments, and the principal and sureties are so held, unless the prosecution is dismissed or discontinued as to one indictment, or unless, by proper proceedings, the bond or recognizance under one of said indictments is dismissed or set aside by order of the court. We accordingly hold that the statute invoked by appellants has no application to this case, and the judgment is affirmed. .

*Affirmed.*