LESLIE RUSSELL *et al. v.* THE STATE.

(*Nashville.*   December Term, 1915.)

BAIL.  Sureties.  Liability.

Shannon's Code, section 7065, authorizes the clerk of the court
to issue a *capias* after indictment when defendant is not in
actual custody or has not been bailed.   Section 7149 *et seq.*,
provides that after defendant has given bail, the court may or-
der him to be again arrested, when upon the finding of the in-
dictment the court deems the bail taken insufficient, etc.; but
the order for arrest and recommitment shall recite generally
the facts upon which it is founded.   Accused, who was arrested
under a magistrate's warrant on a charge of murder and bound
over to the criminal court, gave a bail bond conditioned that
he appear at the next term of court and not depart the court
without leave.   At the next term an indictment was returned,
and at a succeeding term accused failed to appear..   After the
indictment was found, the clerk of the court issued a *capias*
under which accused was arrested, but he escaped from the
custody of the sheriff.   *Held*, that as the second arrest under
the capias issued by the clerk was invalid, the sureties on ac-
cused's bail bond were not discharged and were liable for his
nonappearance.

Cases cited and approved:  Poteete v. State, 68 Tenn., 262;  Mc-
Queen v. Heck, 41 Tenn., 213;  Smith v. Kitchens, 51 Ga., 158;
Suggs v. State, 129 Tenn., 498;  Chappell v. State, 30 Tex., 615;
Ingram v. State, 27 Ala., 17;  People v. Moore, 2 Doug. (Mich.),
1;  Foster v. State, 38 Tex. Cr. R., 372.

Case cited and distinguished:  Medlin v. Commonwealth, 11
Bush. (74 Ky.), 605.

Codes cited and construed:  Secs. 7065, 7149 (S.).

FROM FRANKLIN

Appeal from the Criminal Court of Franklin County.—FRANK LYNCH, Judge.

FELIX D. LYNCH, for appellants.

W. H. SWIGGART, JR., Assistant Attorney-General, for the State.

MR. JUSTICE WILLIAMS delivered the opinion of the Court.

Russell was arrested under a magistrate's warrant on a charge of murder and bound over to the criminal court. The bail bond was fixed at $1,000, and signed by appellants as sureties. The bond was conditioned that Russell appear at the next term of the criminal court and not depart the court without leave. At the next term an indictment was returned; and at a succeeding term Russell failed to appear, when default was taken and a conditional judgment rendered against the sureties.

An answer to a *scire facias* was later filed by the sureties, setting out, among other things, that after the indictment was found the clerk of the court issued a *capias* for Russell which was placed in the hands of

134 Tenn. 41

the sheriff, who arrested Russell and from whose custody he escaped.

The *capias* shows by indorsements thereon that it was so issued by the clerk, and served; but the record discloses no order of the court therefor.

The trial judge overruled a motion of the sureties to quash the *scire facias* and discharge them from liability; and judgment was entered, from which they have appealed.

The only authority for the clerk to issue a *capias* after indictment is when the defendant is not in actual custody or when he has not been bailed. Code, Shannon, section 7065.

But the court, after the defendant has given bail, may order him to be again arrested, when upon the finding of an indictment the court deems the bail theretofore taken insufficient, and for other causes, but the order for the arrest and recommitment, it is provided, shall recite generally the facts upon which it is founded. Code, Shannon, section 7149 *et seq.*

A rearrest of the defendant, after bail has once been taken, is not lawfully made on a *capias* issued by the clerk following indictment, unless ordered by the court. *Poteete* v. *State*, 9 Baxt. (68 Tenn.), 262, 40 Am. Rep., 90; *McQueen* v. *Heck*, 1 Cold. (41 Tenn.), 213.

The State therefore insists that the rearrest in this case was so far invalid as that it did not operate to discharge the sureties on the bail bond.

The weight of authority is with this contention.

A second arrest on the same offense on a valid *capias* has the legal effect to take the prisoner out of the custody of his sureties, "jailers of his own choosing;" and, the defendant being then in the custody of the law, the sureties are released. *Smith* v. *Kitchens,* 51 Ga., 158, 21 Am. Rep., 232; 5 Cyc., 117; *Suggs* v. *State,* 129 Tenn., 498, 167 S. W., 122.

The issuance of a *capias* without authority, or as "a work of supererogation," and a subsequent arrest of the defendant thereunder, followed by his escape, does not operate to release or exonerate his sureties. This was held on facts identical with those in the pending case. *Chappell* v. *State,* 30 Tex., 615. Also, when the committing justice of the peace, on the supposition that sureties taken were insufficient, caused a rearrest. *Ingram* v. *State,* 27 Ala., 17, and see for an extreme case, *People* v. *Moore,* 2 Doug. (Mich.), 1; *Foster* v. *State,* 38 Tex. Cr. R., 372, 43 S. W., 80.

Seemingly the only decision tending to the contrary is that of *Medlin* v. *Commonwealth,* 11 Bush (74 Ky.), 605, where it was said:

"It is not necessary to inquire whether the second arrest was or not authorized by law. It is sufficient that the commonwealth, through its judicial and minsterial officers, disregarded the rights secured to King and his sureties by the execution of the bail bond, and that it undertook to hold the accused in custody. Failing in this undertaking, it seems to us clear that it cannot now hold appellants responsible for that failure."

In our opinion the rule as thus announced is not the correct one. It would open the way to collusion between a defendant or his sureties and the clerk, a mere ministerial officer to whose judgment and discretion the law did not commit the taking of the step. Affirmed.