**Mitchell Ray DeGRAW, Stuyvesant Insurance Company d/b/a Jefferson Bonding Company, Appellant,**

v.

**STATE of Tennessee, Appellee.**

Court of Criminal Appeals of Tennessee, Jackson.

July 24, 1980.

Steven R. Hallman, Memphis, for appellant.

William M. Leech, Jr., Atty. Gen., Sylvia Ford Brown, Asst. Atty. Gen., Nashville, Thomas D. Henderson, Asst. Dist. Atty. Gen., Memphis, for appellee.

## OPINION

O'BRIEN, Judge.

The question involved here is whether the Stuyvesant Insurance Company is entitled to exoneration on surety bonds posted to secure the appearance of Mitchell Ray De-Graw in the Criminal Court for Shelby County. Consideration of this matter is complicated because the entire record before us consists of what was termed the Technical Record prior to July 1, 1979, the effective date of the present Tenn.R.App.P.

It appears that on December 29, 1977 two indictments were returned against Mitchell Ray DeGraw. These indictments were numbered 60488, and 60489. He was charged in each with second degree burglary, larceny, receiving stolen property, and concealing stolen property. DeGraw was originally allowed to make bail in the sum of One Thousand Dollars ($1,000.00). A capias and an alias capias issued upon his failure to appear in court at the appointed time. He was apprehended by the Sheriff of Shelby County on July 18, 1978, and the bond increased to Two Thousand Dollars ($2,000.00) on July 26, 1978. This bond was posted with appellant, Stuyvesant Insurance Company, as surety on August 17, 1978. On September 12, 1978 a conditional judgment was taken against defendant and his surety in the sum of Two Thousand Dollars ($2,000.00). On March 16, 1979 a final judgment was taken on the forfeiture. On April 16, 1979 a petition for exoneration was filed by the appellant. The petition for exoneration was denied by order entered on May 11, 1979.

On October 24, 1978 two further indictments were returned against defendant. In No. 65060 he was charged with larceny, receiving and concealing stolen property. In No. 65061 he was charged with forgery and uttering forged checks. On August 17, 1978, the same day as in the other cases, appellant had acknowledged its indebtedness as surety for the appearance of defendant on these charges in the additional sum of Two Thousand Dollars ($2,000.00). On November 21, 1978 defendant was called out and, failing to appear, a conditional judgment was taken against him and the surety on his bail bond. May 19, 1979 was set as the final date for forfeiture on this bond. On May 18, 1979 a petition to set aside the conditional forfeiture for exoneration of the surety was filed on this second bond. This cause was heard on May 21, 1979 and in an order entered on May 30th the petition was denied.

These matters were consolidated for disposition in this Court. Although there is no transcript or statement of any evidence the facts which can be gleaned from the pleadings and the briefs do not seem to be in

dispute. Defendant makes two assertions for relief. It says first the trial judge abused his discretion in denying the petition for exoneration, and it says it was error to hold appellant was not entitled to exoneration because the defendant had not been delivered into the hands of the Shelby County authorities.

Appellant asserts that on September 28, 1978 it discovered defendant was employed in Lafayette Parish, Louisiana. Defendant gave his address as, Baton Rouge, Louisiana, on August 17, 1978, when the bond was made. Through its agent, Don Floyd, appellant notified the Sheriff of Lafayette Parish that DeGraw was a fugitive from Shelby County, Tennessee. Appellant's agent was directed to have the Shelby County Sheriff officially notify his counterpart in Louisiana of DeGraw's status. This was accomplished. Defendant was arrested and placed in Lafayette Parish Jail as a fugitive from the State of Tennessee. The minutes and orders from the Fifteenth Judicial District Court in Lafayette Parish, Louisiana indicate that on October 13, 1978 a hearing was held in that court. The court found there was probable cause to hold defendant and set bail. He was advised he was entitled to an extradition hearing, which defendant requested. He was referred to the public defender for legal counsel. A subsequent order dated November 13, 1978 indicates defendant was committed for thirty (30) days in the Parish Jail to await extradition. An extradition request did not issue from the State of Tennessee during that time and defendant was released from custody.

Appellant has cited numerous text book authorities, for the theory that when a prisoner is re–arrested after having made bail and is ordered into custody on the same charge or for the same offense his sureties on his bond are discharged and their liability ceases. T.C.A. § 40–1301 is also cited in the brief, together with several Tennessee cases, to bolster the contention that exoneration of a surety in cases such as this are discretionary with the trial court. It is earnestly argued that the release of defendant in Louisiana was without any fault on

the sureties part and the denial of the petition for exoneration by the trial judge was an abuse of discretion.

Our study of this matter satisfies us there is a sufficient body of law in this State upon which to base a decision. The substance of *Russell v. State*, 185 S.W. 693, 134 Tenn. 640 (1915), cited by appellant, is that the issue of a capias without authority, (in that case by the clerk), and defendant's subsequent arrest under the capias, followed by his escape, does not operate to release or exonerate his sureties. Nor do we find the principle stated in *Blankenship v. State*, 443 S.W.2d 442, 223 Tenn. 158 (1969) to govern the right of exoneration of the sureties under the facts of the case before us. Blankenship was, as the court stated, in custody in this State for the very crime of which he was convicted and for which he had originally given bond to appear and had not done so. He had been apprehended and was in prison in this State serving a sentence at the time the final forfeiture was taken. It is doubtful that we can look to *Wallace v. State*, 269 S.W.2d 780, 196 Tenn. 577 (1954), as current authority due to the restructure of the law effecting cases involving bail since that case was decided.

Looking first to T.C.A. § 40–1301, upon which appellant relies, as it appeared in the statutes at the time the petition for exoneration was filed, we quote the statute verbatim:

"If the defendant who gives bail or makes a cash deposit as provided in chapter 12 of this title does not appear according to his undertaking, a conditional judgment may be entered against him and his sureties, or against the defendant alone, in case of a deposit. Provided however, that no forfeiture or conditional forfeiture of any appearance or bail bond shall be rendered in any case where a sworn statement of a licensed physician is furnished the court showing that the principal in such bond is prevented from attending by some mental or physical disability, or where a sworn affidavit of the

jailer, warden or other responsible officer of a jail, workhouse or penitentiary in which the principal is being detained shall be furnished the court. The appearance or bail bond shall remain in full force and effect until the principal is physically or mentally able to appear, or until a detainer against the principal is filed with the detaining authority. On the filing of such detainer, the bondsman and sureties shall remain liable for the expenses of returning the principal to this jurisdiction for trial when said principal is released by the detaining authority. After trial, however, if it is necessary to return the principal to the detaining authority in another jurisdiction all expenses incurred in said return shall be paid by the state of Tennessee."

We note that T.C.A. § 40–1301 is inextricably connected to the provisions of Chapter 12 of that title which applies to bail admissions. The section also specifically states that, on his failure to appear, a conditional judgment may be entered against a defendant and his sureties provided that no forfeiture will be rendered in any case where a "sworn affidavit of the jailer, warden or other responsible officer of a jail, workhouse or penitentiary in which the principal is being detained shall be furnished the court." This the appellant failed to do in this case. According to the sworn affidavit of its agent, the surety contacted the Lafayette Parish Sheriff's Office and advised them that DeGraw was a fugitive from Shelby County, Tennessee. Upon the advice of that officer appellant had the Shelby County sheriff send a teletype stating that DeGraw was wanted, whereupon he was arrested and placed in the Lafayette Parish Jail for being a fugitive from the State of Tennessee. If the affidavit in the record is to be accepted as true, the appellant did nothing more. It seems clear that if it is to have the benefit of the statute for the purpose of exoneration under T.C.A. § 40–1303, the further duty existed to inform the trial judge of Shelby County, in the manner required by the statute, that defendant was physically unable to appear. Appellant contends defendant was released from the Lafayette Parish Jail on November 14, 1978 because no extradition papers were ever received from the State of Tennessee. However, no extradition could take place until the judge had legal knowledge of defendant's imprisonment in the Louisiana Jail.

Chapter 12 of the title of the Code pertaining to bail (T.C.A. § 40–1201–1244), known as "The Release from Custody and Bail Reform Act of 1978", which became effective on July 31, 1978, specifically provides that in the event of surrender of a defendant by a surety, (T.C.A. § 40–1232), the surrender shall be made to the sheriff of the county in which the defendant is bound to answer for the offense, (T.C.A. § 40–1236).

We find no abuse of the discretion of the trial court under the facts of this case and affirm the judgment denying exoneration of the surety for liability on the bail.

DUNCAN and DAUGHTREY, JJ., concur.