**STATE of Tennessee, Appellee,**

v.

**Jerry Allen LeQUIRE, Appellant.**

**In re Petition of H.A. (Bam) WEBSTER.**

Court of Criminal Appeals of Tennessee, at Knoxville.

Feb. 15, 1984.

Permission to Appeal Denied
April 30, 1984.

William M. Leech, Jr., Atty. Gen., Wayne E. Uhl, Asst. Atty. Gen., Nashville, for appellee.

Jerry C. Colley, Columbia, for appellant.

## OPINION

CORNELIUS, Judge.

H.A. (Bam) Webster, d/b/a Columbia Bonding Co., executed a $150,000.00 bond for Jerry Allen LeQuire pending LeQuire's appeal to this Court of a criminal conviction. When LeQuire failed to appear as ordered, a conditional forfeiture was entered against Webster on April 27, 1982. Final forfeiture was entered by this Court on January 25, 1983.

Webster paid $150,000.00 plus court costs to the clerk of this Court on June 17, 1983. Approximately two months later, on August 19, 1983, LeQuire was apprehended in Fort Lauderdale, Florida.[1] Webster, claiming he has, at all times, been diligent in his efforts to locate LeQuire and secure his presence before the Court, now petitions under T.C.A. § 40–11–204 for relief by remission of all or part of the forfeited amount.

T.C.A. § 40–11–204 provides:

The judges of the circuit, criminal, and Supreme Court may receive, hear, and determine the petition of any person who may conceive that he merits relief on any recognizances forfeited, and so lessen or absolutely remit the same, and do all and everything therein as they shall deem just and right, and consistent with the welfare of the state, as well as the person praying such relief. This power shall extend to the relief of those against whom final judgment has been entered, as well as to the relief of those against whom proceedings are in progress. Cities, which have adopted home rule, may elect to authorize their city court judges to lessen or remit forfeitures in accordance with the provisions of this section if those judges have jurisdiction to hear state misdemeanor cases.

By order of December 5, 1983, the Supreme Court transferred the case to this Court for disposition. The duty falls, therefore, upon us to examine the equities of the situation and the merits of Mr. Webster's petition.

In the case of *State v. Frankgos*, 114 Tenn. 76, 85 S.W. 79 (1905), our Supreme Court addressed this same issue in a similar context. In *Frankgos*, the sureties had paid the amount of the bond into the state treasury but sought a return of the money because they had searched for the principal, had sent detectives to look for the individual, and had offered a reward for the defendant's recapture. The Court, holding that the sureties' good faith was not a consideration in its decision, denied the petition by stating:

We think, however, that, under the most liberal construction that can be given it, the power vested in the court is to be exercised only in extreme cases, such as where the sureties cannot produce their principal in court on account of his death, or some other condition of affairs, if any can exist, which make it equally impossible for them to surrender him.

*Id.*, 85 S.W. at 80–81.

Although Frankgos had not been captured at the time of his sureties' petition and LeQuire has been apprehended in this case, the policy considerations for denial of the petitions for remission remain the same. As the *Frankgos* Court wrote:

The sureties knowingly and absolutely contract that their principal shall be present at the time in the obligation stated, to answer the state upon the charge preferred against him; and if they fail to do so, they must comply with the terms of the bond or recognizance. A wise and sound public policy requires a rigid enforcement of the bonds when breached. ... To relieve sureties upon the grounds here asked would encourage defendants to forfeit their bail, and bring about a very lax administration of the criminal laws of the state.

*Id.*, 85 S.W. at 81.

We do not believe return of the surety's money in this case will serve the ends of

---

**1.** It appears from the affidavit of Sam Delk Kennedy, Jr. that the apprehension of Jerry Allen LeQuire resulted solely from the efforts of Federal officers combatting drug traffic in southern Florida.

justice or promote a sound policy of ensuring appearance of principals in court. The petition for remission of the forfeited bond is denied.

BYERS and SCOTT, JJ., concur.