**STATE of Tennessee, Appellee,**

v.

**Anthony PARHAM, Defendant,**

**In re NASHVILLE BONDING CO., Appellant.**

Court of Criminal Appeals of Tennessee, at Nashville.

Feb. 18, 1993.

Joel H. Moseley, Nashville, for appellant.

Charles W. Burson, Atty. Gen. & Reporter, Eugene J. Honea, Asst. Atty. Gen., Mary Hausman, Asst. Dist. Atty. Gen., Nashville, for appellee.

## OPINION

DWYER, Judge.

This represents an appeal as of right by the appellant, Nashville Bonding Company, from the Order of Final Forfeit entered in the Davidson County Criminal Court. The record reveals that the defendant in the underlying criminal case, Anthony Parham, who was charged with aggravated burglary and aggravated rape, was scheduled to appear in court on May 23, 1991, and failed to appear. A conditional forfeit was taken against the defendant and his surety, the appellant, on that date as provided for in T.C.A. §§ 40–11–139 and 40–11–201. *Scire facias* in the aggregate amount of $8,500 were issued. A single issue is presented for appellate review.

> Whether the trial court abused its discretion in denying appellant's motion for exoneration.

■ The appellant, here and in the trial court, asserted that it was entitled to exoneration because "the State of Tennessee, by its own actions, intervened in the relationship between the Surety and its Principal" by granting the defendant a continuance in order to attend his mother's funeral. The defendant subsequently failed to appear and apparently has fled to avoid prosecution.

The question of exoneration is addressed at T.C.A. § 40–11–203 which states:

> (a) After the liability of the bail bondsman or surety has become fixed by forfeiture, and before payment, the bail bondsman or surety may be exonerated from the liability by the surrender of the defendant and the payment of all costs; but may be exonerated from costs also if, in the opinion of the court, the bail bondsman or surety have been in no fault.

> (b) It is left to the sound discretion of the court whether the bail bondsman or surety shall be relieved from the liability of bail to any and to what extent.

Where, as here, no abuse of discretion is demonstrated by the trial court, it is not the providence of this Court to disturb the lower court's ruling. In the case *sub judice*, the defendant/principal has not been surrendered by the surety. He remains at large. His flight to "evade justice" was patently willful. Obviously, the defendant/principal's failure to appear on May 23, 1991 cannot be described, by any stretch of the imagination, as being "without his fault." Moreover, the Court further notes that the representative of the surety was not present in the courtroom at the time the continuance was granted although she was aware of Mr. Parham's scheduled appearance. Clearly, it was not the fault of the State that she was not present. In any event, the absence of the surety's representative does not relieve it of liability.

■ As to appellant's contention that its obligation to the State should be suspended because the trial court granted Mr. Parham's request for a continuance, T.C.A. § 40–11–130 states that a bond "shall be valid and binding upon the defendant and the defendant's sureties thereon for the defendant's personal appearance before the court from the time of arrest, preliminary hearing, bind over to the grand jury and trial until the case is finally terminated or stricken from the docket and the defendant discharged by the court." The present statute makes no mention of a "suspension" of a surety's obligation. *See Ewing v. United States*, 240 F. 241 (6th Cir.1917). Moreover, the surety's challenge, in and of itself, does not constitute a basis for exoneration. *See State v. Frankgos*, 114 Tenn. 76, 85 S.W. 79 (1905); *State v. LeQuire*, 672 S.W.2d 221 (Tenn.Crim.App.1984).

■ As to appellant's argument that the defendant had indicated an intent to enter into a plea bargain agreement, T.C.A. § 40–11–138 states, in pertinent part, that a surety is released from its obligations "upon disposition of the charge against the surety's principal." The section also states that if the "disposition" is a plea of guilty,

then "the surety, unless relieved by the court, shall remain liable on the criminal appearance bond until the court renders the defendant's sentence."

As to the argument that the surety was served with process only as to one of the indictment offenses, we note that this argument was not raised before the trial court and, therefore, is waived. In any event, the argument is not supported by the record.

In the absence of a showing of an abuse of discretion by the trial court, this appeal is found to be without merit. Accordingly, the judgment of the trial court is affirmed.

PEAY and SUMMERS, JJ., concur.