IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

JANUARY 1998 SESSION

FILED

June 26, 1998

Cecil Crowson, Jr.
Appellate Court Clerk


| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | No. 03C01-9706-CR-00228 |
| | ) | |
| Appellee | ) | |
| | ) | WASHINGTON COUNTY |
| V. | ) | |
| | ) | HON. LYNN W. BROWN, |
| BILLY RAY STOUT, | ) | JUDGE |
| | ) | |
| Defendant, | ) | |
| | ) | |
| In re AA BONDING COMPANY, | ) | (Bond Forfeiture) |
| | ) | |
| Appellant. | ) | |

For the Appellant:

Steven G. Shope
620 West Hill Avenue
Knoxville, TN 37902

For the Appellee:

John Knox Walkup
Attorney General and Reporter

Sandy C. Patrick
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN 37243-0493


David E. Crockett
District Attorney General

Joe C. Crumley, Jr.
Assistant District Attorney
P.O. Box 38
Jonesborough, TN 37659


OPINION FILED: _____


AFFIRMED


William M. Barker, Judge

**OPINION**

Appellant, AA Bonding Company, appeals from a judgment in the Washington County Criminal Court ordering forfeiture of the appearance bond for the defendant Billy Ray Stout. The sole issue on appeal is whether the trial court abused its discretion in failing to fully exonerate AA Bonding Company upon the return of the defendant to custody. We affirm the judgment of the trial court.

On March 16, 1995, three affidavits of complaint and the resulting arrest warrants were filed against the defendant for three counts of insurance fraud. On April 14, 1995, an appearance bond in the amount of $30,000 was posted on behalf of the defendant by appellant AA Bonding Company as surety. That appearance bond was to secure defendant's presence in Criminal Court on May 16, 1995. However, defendant failed to appear and a capias was issued for his arrest. At that time, the trial court ordered a conditional forfeiture against AA Bonding Company. *Scire facias* was issued and served on appellant on June 16, 1995.

On November 9, 1995, the trial court granted appellant's motion to extend the time of final forfeiture 180 days from December 15, 1995. Seven months later the defendant had still not been returned to custody and the trial court entered judgment for final forfeiture of the $30,000 bond on July 17, 1996. AA Bonding Company returned defendant to custody within 24 hours of the order of final forfeiture and petitioned the court for relief from its earlier judgment. Appellant sought full exoneration from liability on the $30,000 bond under Tennessee Code Annotated section 40-11-203.

After a hearing, the trial court agreed that appellant was entitled to some reduction in the forfeiture because the defendant was ultimately returned to custody. However, it declined to grant full exoneration to appellant and instead relieved it of $15,000 of the judgment and ordered appellant to pay the remaining $15,000.

Appellant now appeals, alleging that the trial court abused its discretion in failing to grant full exoneration.

Tennessee Code Annotated section 40-11-203 grants trial courts discretion to exonerate a bonding company from liability where the defendant is returned after final forfeiture has been ordered. The discretion afforded the trial court in such matters has been described as "broad and comprehensive" and is to be exercised in accordance with the trial court's conception of justice and right. State v. Shredeh, 909 S.W.2d 833, 835 (Tenn. Crim. App. 1995) (quoting Black v. State, 290 S.W. 20, 21 (Tenn. 1927)).

The authority to relieve sureties on a bond should be exercised only in extreme cases, such as the death of the defendant or some other condition making it impossible for the sureties to surrender the defendant. State v. Frankgos, 85 S.W. 79, 81 (Tenn. 1905); State v. LeQuire, 672 S.W.2d 221, 222 (Tenn. Crim. App. 1984). The good faith efforts of the surety or the expenses incurred are not excuses. Id. In this case, the appellant fails to show that the trial court abused its discretion.

At the hearing for full exoneration, Fred Weaver, the owner of AA Bonding Company testified that the failure to return the defendant before final forfeiture was due to an errant employee. He testified that the employee concealed the conditional forfeiture and the extension of time until February, 1996. He took over the file and, from that time forward, diligently worked to locate the defendant. However, Weaver testified that he was unaware of the date for final forfeiture until two days before the hearing. Although the defendant was located within the State and returned to custody within one day following the final forfeiture, over 13 months had passed from entry of the conditional forfeiture.

In its ruling, the trial court noted that it was unfortunate that Mr. Weaver had an irresponsible employee. However, the trial court stated that the resulting situation was "intolerable," noting that it had been very lenient and granted appellant substantially

3

more time than is permitted by statute.[1]  Moreover, it stated that Mr. Weaver should have notified the court of his difficulties in February to facilitate the return of the defendant and avoid final forfeiture.  Nevertheless, the trial court found that appellant was entitled to some relief for the eventual return of the defendant and reduced the judgment by one-half.

In short, appellant has failed to demonstrate circumstances to justify the full exoneration of liability on defendant's bond, and we do not find that the trial court abused its discretion in the matter.  The judgment of the trial court is affirmed.

_____
William M. Barker, Judge

CONCUR:

_____
Gary R. Wade, Presiding Judge

_____
Curwood Witt, Judge

---

[1]Generally, the defendant has 180 days from the date of the conditional forfeiture within which to surrender.  Tenn. Code Ann. §40-11-139 (1990).  In contrast, appellant was given one year to locate the defendant and the trial court did not actually hold a hearing on the final forfeiture until one month after the expiration of that time.