# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs June 13, 2001

## IN RE: SPEEDY RELEASE BAIL BONDS

**Direct Appeal from the Circuit Court for Madison County**
**No. 99-472     Donald H. Allen, Judge**

---

**No. W2000-02260-CCA-R3-CD - Filed January 23, 2002**

---

NORMA MCGEE OGLE, J., concurring in part and dissenting in part.

I concur in the majority's conclusion that Tenn. Code Ann. § 40-11-204(a) (1997) must govern any reimbursement of the conditionally forfeited bail bond in this case. As noted by the majority, Tenn. Code Ann. § 40-11-201(b) (1997) does prohibit the rendering of a conditional or final judgment of forfeiture, and therefore the entry of and execution on a final judgment of forfeiture, when a surety is unable to surrender a defendant due to the defendant's incarceration in a jail, workhouse, or penitentiary and the surety furnishes the trial court with an affidavit of the jailer, warden, or other responsible officer. As also noted by the majority, the appellant did not provide the requisite affidavit to the trial court. Of course, the Madison County Sheriff's Department has since obtained custody of the defendant, and a final judgment of forfeiture has yet to be entered in this case. Still, Tenn. Code Ann. § 40-11-201 places no affirmative obligation on the trial court to order reimbursement of money paid pursuant to a bail bond agreement following a defendant's failure to appear. Cf. Blankenship v. State, 443 S.W.2d 442, 445-446 (Tenn. 1969)(interpreting the different language of Tenn. Code Ann. § 40-11-201's predecessor statute).

That having been said, I disagree that a remand of this case for a hearing pursuant to Tenn. Code Ann. § 40-11-204(a) is necessary. The appellant was afforded an opportunity in the trial court to present appropriate grounds for relief and, in fact, proceeded upon the assumption that relief was available pursuant to Tenn. Code Ann. § 40-11-204. Concededly, the trial court applied an incorrect legal standard in denying the appellant relief. Nevertheless, the correct legal standard limits a trial court's discretion to grant relief under Tenn. Code Ann. § 40-11-204 to a small number of circumstances, In re Paul's Bonding Co., No. M1999-02528-CCA-R3-CD, 2001 Tenn. Crim. App. LEXIS 112, at **17-18 (Nashville, February 16, 2001), perm. to appeal denied, (Tenn. 2001), which circumstances do not include those set forth by the appellant in its motion and described by Madyun at the August 25, 2000 hearing.

Citing our supreme court's decision in State v. Frankgos, 85 S.W. 79, 80-81 (Tenn. 1905), this court has described the applicable legal standard when a trial court exercises authority under Tenn. Code Ann. § 40-11-204:

> The authority to relieve sureties from liability may only be exercised in extreme cases, such as the death of the defendant or some other condition making it impossible for sureties to surrender the defendant; the good faith effort made by the sureties or the amounts of their expense are not excuses.

State v. Shredeh, 909 S.W.2d 833, 836 (Tenn. Crim. App. 1995); see also State v. Le Quire, 672 S.W.2d 221, 222-223 (Tenn. Crim. App. 1984). Our supreme court in Frankgos, 85 S.W. at 81, explained that "[t]o relieve sureties upon [lesser] grounds . . . would encourage defendants to forfeit their bail, and bring about a very lax administration of the criminal laws of the State."

Briefly recapitulating, the appellant essentially alleged in its motion that it had exercised due diligence in attempting to locate Mayfield prior to the expiration of 180 days and its payment of the bail bond but had been unable to apprehend Mayfield due to his flight to North Carolina. However, the possibility of a defendant's flight to another jurisdiction and the difficulties inherent in recapturing such fugitives are, in the words of the trial court, "part of the cost of doing business as a bondsman." Cf., e.g., In re Paul's Bonding Co., No. M1999-02528-CCA-R3-CD, 2001 Tenn. Crim. App. LEXIS 112, at **21-22. Nothing in the record before this court suggests that the difficulties faced by the appellant's bounty hunter in North Carolina were unforeseeable or even insurmountable. Indeed, notwithstanding the "sweeping powers" generally granted to sureties and their agents operating in North Carolina to apprehend the principal of a bail bond agreement, State v. Mathis, 509 S.E.2d 155, 160-161 (N.C. 1998); State v. Lingerfelt, 14 S.E. 75, 76-77 (N.C. 1891), it is inexplicable why the appellant's bounty hunter was not in possession of a certified copy of the outstanding capias in addition to a certified copy of the bail bond and written authority by Speedy Release Bail Bonds to arrest Mayfield. Cf. Tenn. Code Ann. § 40-11-318 (2000 Supp.); cf. also Tenn. Op. Att'y Gen. No. 01-020, 2001 Tenn. AG LEXIS 20 (February 7, 2001)(discussing the powers of bounty hunters operating in Tennessee). Similarly, it is inexplicable why the appellant's bounty hunter was unable to refer law enforcement authorities in North Carolina to the Madison County Sheriff's Department for confirmation of the outstanding capias. In short, I would affirm the judgment of the trial court.

_____
NORMA McGEE OGLE, JUDGE