IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
October 1, 2013 Session

## STATE OF TENNESSEE v. TARIA FUNYETTE SCOTT

## IN RE: DANNY BLANKENSHIP BONDING COMPANY

**Appeal from the Circuit Court for Madison County**
**No. 11-545    Donald H. Allen, Judge**

**No. W2012-02746-CCA-R3-CD  - Filed March 5, 2014**

The Appellant, Danny Blankenship Bonding Company, appeals the Madison County Circuit Court's denial of its motion to alter or amend a final judgment of forfeiture of the Defendant's bond. On appeal, the Appellant contends that (1) it was relieved from the bond when the Defendant was surrendered into custody and rearrested, (2) it is entitled to return payment of the bond it made under protest, and (3) the trial court erred in entering a final forfeiture judgment against its agent. We affirm the trial court's judgment of final forfeiture.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOSEPH M. TIPTON, P.J., delivered the opinion of the court, in which JERRY L. SMITH and NORMA MCGEE OGLE, JJ., joined.

Joel H. Moseley, Sr., Murfreesboro, Tennessee (at hearing and on appeal), Joel H. Moseley Jr., Nashville, Tennessee (on appeal), Lee Richard Sparks, Jackson, Tennessee (on appeal), and Carthel L. Smith (at hearing) for the appellant, Danny Blankenship Bonding Company.

Robert E. Cooper, Jr., Attorney General and Reporter; Deshea Dulany Faughn, Assistant Attorney General; James G. (Jerry) Woodall, District Attorney General; and James W. Thompson, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

Danny Blankenship Bonding Company became the surety on the Defendant's $5000 bond.[1] After the Defendant failed to appear for a hearing, a writ of scire facias was served on the bonding company's owner, Danny Blankenship. Although the writ stated that a conditional judgment had been rendered, the record does not contain a conditional judgment, and the transcript of the hearing does not reflect that the court ordered a conditional judgment. The judge stated on the record only that a capias would issue for the Defendant's arrest. After the capias issued, the bonding company surrendered the Defendant into custody. At a hearing five days after her surrender, the Defendant was arraigned on charges that had recently been returned by the grand jury. She was released on the existing bond after the court found that she had been given a document that incorrectly stated the previous court date. The bonding company was unaware of the Defendant's release and filed a motion for exoneration the next day, followed by a second motion for exoneration a few days later.

The Defendant was arrested and jailed in Haywood County, causing her to miss her next court date in Madison County. After she was released from the Haywood County Jail, she was arrested on a Madison County capias. She advised the trial court at a hearing that she thought transport had been arranged but that no one appeared to take her to the previous Madison County hearing. She provided the court with documentation from the Haywood County jailer. After a second hearing, the court released her, and she failed to appear at the next hearing. The court ordered entry of a conditional judgment against the bonding company and issuance of a capias for the Defendant. A writ of scire facias and a capias were issued the next day, although a conditional judgment was not filed for over five months.

The bonding company's owner was served with the writ of scire facias and filed a motion for exoneration. A hearing was scheduled on the motion, but the trial court "passed" the motion without resetting a hearing date. At the hearing, the bonding company's owner notified the court that he was trying to find the Defendant. The court stated that it would strike the motion for exoneration in order to give the bonding company more time to find the Defendant. About three months later, though, the conditional judgment was filed. The bonding company's owner was notified by letter that payment of the Defendant's bond was required within ten days in order for the bonding company to continue conducting business in the court. The bonding company filed another motion for exoneration.

---

[1]As we have noted in Section III below, there is a question whether Ginny Estes was an additional surety on the bond. For reasons that we will explain, we are unable to resolve the question based upon the record before us.

At a forfeiture hearing, the bonding company's owner noted that when the bonding company surrendered the Defendant previously, she was released on bond without notification to the bonding company of any hearing. The owner stated that the trial court had not conducted a hearing on several of the bonding company's motions for exoneration and acknowledged that in the absence of exoneration, the bonding company was still obligated for the bond. He said the bonding company had deceived the Defendant in order to take her into custody when it surrendered her previously and had not been able to find her again. The court noted that the bonding company had more than 180 days to find the Defendant after her most recent failure to appear. Virginia Estes,[2] an agent of the bonding company, advised the court that she had twice called the clerk's office and requested "a new court date" but received no response. She acknowledged she did not contact the clerk's office again. The court ordered a final forfeiture of the Defendant's bond, and the bonding company paid $5000 under protest.

The bonding company filed a motion to alter or amend the final forfeiture judgment. At a hearing, the trial court denied the motion but stated that if the bonding company apprehended and surrendered the Defendant, a hearing could be held to consider whether the $5000 should be refunded. The court established a deadline for the Defendant's surrender that was 180 days from the date of the most recent conditional judgment. The deadline passed, and the bonding company filed this appeal.

**I**

The Appellant contends that it was relieved from the bond when the Defendant was surrendered into custody and rearrested. The State contends that the Appellant was not entitled to release from the obligation as a matter of right. We conclude that the Defendant is not entitled to relief on this basis.

The Appellant argues that it was relieved of any obligation for the Defendant's bond when it surrendered the Defendant to the sheriff and the Defendant was arrested on the capias that resulted from her first failure to appear. Tennessee Code Annotated section 40-11-132(3)-(4) (2012) provides:

> At any time, the bail bondsman or surety may surrender the defendant in their exoneration or the defendant may personally surrender to the officer. Surrender by a bail bondsman or surety shall be for good cause including, but not limited to the following:

---

[2] The record refers to Virginia Estes and Ginny Estes. It appears both references are to the same person.

. . .

       (3) A forfeit, conditional or final, has been rendered against the defendant;

[or]

       (4) The defendant has failed to appear in court either as ordered by the court or as commanded by any legal process[.]

The surrender of a defendant by a bail bondsman "shall be made to the sheriff of the county in which the defendant is bound to answer for the offense[.]" T.C.A. § 40-11-136 (2012).

At the time the Appellant surrendered the Defendant, Tennessee Code Annotated section 40-11-137 (2006) (amended 2012) provided:

(a) Upon surrendering the defendant, the bail bondsman or surety shall, as soon as is reasonably practicable, go before any court having jurisdiction authorized to admit to bail, and notify the officer of the surrender.

(b) Any court having jurisdiction so notified shall have the defendant brought before it as soon as practicable, and within seventy-two (72) hours, and determine whether or not the surrender was for good cause.

(1) If the court having jurisdiction finds that the surrender was arbitrary or not for good cause, it may order the defendant rereleased upon the same undertaking or impose other conditions as provided by law.

(2) If the surrender is found to be for good cause, the court having jurisdiction shall approve the surrender by endorsement upon the bail bond or by other writing, and it shall be the duty of the surrendering bail bondsman to deliver the written approval or copy of the approval to the sheriff.

(c) The court shall fix the amount of premium to be refunded, if any.

After the conditional judgment was filed but before the forfeiture hearing and subsequent actions, the section was amended to include renumbering within subsection (b) and to add the provision, "This subsection (b) shall not apply where a surrender is based on a conditional or final judgment of forfeiture issued by the court having jurisdiction over the defendant." *See id.*, § 40-11-137(b)(3).

Relying on section 40-11-132(3), the Appellant argues that the trial court was obligated to release it from the Defendant's bond because statutory good cause existed. The record reflects that although the bonding company surrendered the Defendant and that she was arrested on the capias, the company did not go before the court promptly and notify the court of the surrender. The record reflects, though, that the court held a hearing at which the Defendant appeared. The bonding company later claimed it was unaware of the hearing. At the hearing, the Defendant stated that she was given the wrong court date, and the court's records corroborated her claim. The court released her on her previous bond. Although the court did not specifically address whether the surrender was for good cause, it is implicit that it determined the surrender was not for good cause because the Defendant provided a valid reason for her failure to appear. If good cause for the surrender did not exist, the court was authorized to rerelease the Defendant on the original bond. *See* T.C.A. § 40-11-137(b)(1). Given the bonding company's failure to come before the court promptly upon surrendering the Defendant and to request release from its obligation on the bond, we do not believe the fact that the bonding company was not present at the hearing is of any consequence.

We have not overlooked the Appellant's argument that pursuant to *Russell v. State*, 185 S.W. 693 (Tenn. 1916), a second arrest on the same charge pursuant to a valid capias releases the surety. The Appellant notes that the Defendant was rearrested twice on the original offense, first when she failed to appear because she was given the wrong court date, and then, following the second failure to appear and her release from the Haywood County Jail. We do not view *Russell* as controlling. Although *Russell* states, "A second arrest on the same offense on a valid capias has the legal effect to take the prisoner out of the custody of his sureties, 'jailers of his own choosing'; and, the defendant being then in the custody of the law, the sureties are released," this was not the holding of the case. *See Russell*, 185 S.W. at 694 (citations omitted). *Russell* stands for the proposition that the rearrest of a defendant on a capias that was issued without legal authority did not release the sureties from their obligation. *Id.; see DeGraw v. State*, 608 S.W.2d 155, 157 (Tenn. Crim. App. 1980) (stating the holding of *Russell*). As we have stated, Tennessee Code Annotated provides the procedure by which a surety may obtain release from the obligation for a bond. The Defendant's rearrest on the capias did not, as a matter of law, release the Appellant from obligation on the bond. The Appellant is not entitled to relief on this basis.

## II

The Appellant contends that it is entitled to a refund of the $5000 it paid under protest and that it is entitled to interest. The State contends that the trial court did not abuse its discretion in denying the Appellant's motion for exoneration. We agree with the State, and because we conclude that the Appellant is not entitled to a refund, we do not address the question of the Appellant's entitlement to interest.

"If the defendant . . . does not comply with the conditions of the bail bond, the court . . . shall enter an order declaring the bail to be forfeited." T.C.A. § 40-11-139(a) (2012). "A conditional judgment may be entered against the defendant and the defendant's sureties, or the defendant alone, in the case of a deposit, or the court may grant an extension." *Id.* § 40-11-201(a) (2012). A scire facias is to be served on the surety, and a capias is to be issued for the defendant. *Id.* § 40-11-139(a). The scire facias notifies the defendant and the surety that they must show cause why the judgment should not become final. *Id.* § 40-11-202 (2012). The surety may surrender the defendant within 180 days of being served with the scire facias. *See id.* §§ 40-11-132(3), 40-11-139(b). If the defendant is surrendered, the court may, within its discretion, exonerate the surety. *Id.* § 40-11-203. The court must conduct a hearing before entering a final forfeiture order. *In re Paul's Bonding Co.*, 62 S.W.3d 187, 193 (Tenn. Crim. App. 2001).

A review of the facts is relevant to this issue. The Appellant surrendered the Defendant but failed to notify the court of the surrender before the court rereleased the Defendant. The Appellant filed a motion for exoneration the day after the court rereleased the Defendant and filed a second motion six days after the Defendant's rerelease. The first motion for exoneration was filed seven days after the Appellant was served with the initial scire facias, and although the scire facias recites that a conditional judgment had been entered, no conditional judgment bearing the date of the hearing or the scire facias appears in the record. Because the Defendant failed to appear at her next court date, a conditional judgment was filed, and a scire facias was served on the surety. The Appellant filed another motion for exoneration, although it incorrectly stated that the Defendant was in the Madison County Jail, rather than the Haywood County Jail.

After the Defendant was released by Haywood County authorities, she was arrested on the Madison County capias, although the record does not reflect whether the Appellant was involved in the Defendant's capture or surrender. At the hearing following her arrest, she explained that she had attempted to obtain transportation but no one appeared. She also stated, "[T]he jail administrator gave me this to give to you," although the item is not in the record. We note that Tennessee Code Annotated section 40-11-201(b) (2012) provides, "No forfeiture or conditional forfeiture of any appearance or bail bond shall be rendered in any cases . . . where an affidavit of the jailer, warden or other responsible officer of a jail, workhouse or penitentiary in which the principal is being detained shall be furnished [to] the court." The court continued the case for five days in order for the Defendant's attorney to appear. At the next hearing, the Defendant told the court she needed to be released from jail in order to work because she owed an attorney additional money toward his retainer. She said her attorney would not come to court until he received his retainer. The court stated that it would reinstate the Defendant's bond and give her another court date but did not explain

its rationale. The Defendant assured the court she would be present with counsel for the hearing.

When the Defendant did not appear for the hearing, a scire facias and a capias were issued, although the record reflects that a conditional judgment was not filed for about five months. Before the conditional judgment was filed, the surety appeared before the trial court at an exoneration hearing, but the court struck the motion to exonerate in order to give the surety additional time to locate the Defendant. Eventually, a forfeiture hearing was held, and a final judgment of forfeiture was entered upon the court's finding that the bonding company had not shown good cause why the forfeiture should not be made final. The Appellant paid the $5000 judgment but continued to seek exoneration. We note that although there was an irregularity in that two conditional judgments were filed after two scire facias were served, the Appellant was afforded a hearing before a final judgment of forfeiture was entered and was allowed more than the statutory 180-day period between service of the scire facias and final forfeiture in order to surrender the Defendant.

The first question is whether the trial court abused its discretion in denying exoneration. The relevant statute provides:

> (a) After the liability of the bail bondsman or surety has become fixed by forfeiture, and before payment, the bail bondsman or surety may be exonerated from the liability by the surrender of the defendant and the payment of all costs; but may be exonerated from costs also if, in the opinion of the court, the bail bondsman or surety has been in no fault.

> (b) It is left to the sound discretion of the court whether the bail bondsman or surety shall be relieved from the liability of bail to any and to what extent.

T.C.A. § 40-11-203. Although the trial court's discretion is broad, its power to grant relief from obligation for a bond should be sparingly exercised. *See, e.g.*, *State v. Frankgos*, 85 S.W. 79, 80-81 (Tenn. 1905) (stating that the court should exercise its powers to exonerate a surety only in extreme circumstances, such as death or impossibility to produce the defendant, and that good faith was not relevant); *State v. LeQuire (In re Webster)*, 672 S.W.2d 221, 222 (Tenn. Crim. App. 1984) (stating that the trial court did not abuse its discretion in denying exoneration to surety on the basis that the surety was diligent in locating and bringing the defendant before the court); *cf. State v. Parham (In re Nashville Bonding Co.)*, 854 S.W.2d 902, 903-04 (Tenn. Crim. App. 1993) (stating that a bonding company was not entitled to exoneration because the defendant was granted a continuance to attend a funeral and thereafter absconded).

After the Defendant's first failure to appear, the Appellant surrendered the Defendant but did not appear before the court as contemplated by the statute. *See* T.C.A. § 39-11-137 (2006) (amended 2012). The Appellant began seeking exoneration by filing pleadings, although the motions were not docketed for a hearing until after the Defendant had been arrested and released on two capiases. Regarding the Defendant's first two failures to appear, the trial court accepted the Defendant's excuses of having been given the wrong date, which was corroborated by court records, and having been in jail without transport, which was corroborated by a document from the jailer. Regarding the third failure to appear, Danny Blankenship advised the trial court at the final forfeiture hearing that he and his agents were attempting to locate the Defendant but that they had been unsuccessful. He stated that the Defendant "fell off the radar" but that they were looking for her. At a subsequent hearing, he told the court that the Defendant was in hiding and had married twice since the bonding company's previous surrender of her.

We conclude that the trial court did not abuse its discretion in denying the Appellant's motion for exoneration. The Appellant, a professional bonding company, undertook the obligation of the Defendant's bond. The Defendant provided explanations for two failures to appear, which the trial court accepted and allowed the Defendant to remain on the same bond underwritten by the Appellant. Regarding the third failure to appear, the Appellant was afforded over 180 days to attempt to locate the Defendant before a final judgment of forfeiture was entered. The Appellant claimed it had searched for the Defendant and thought it could produce her, but it was ultimately unable to produce her. The Appellant did not claim that the Defendant was deceased or that other circumstances made it impossible for her to be produced. Because the court did not abuse its discretion in denying exoneration, the Appellant is not entitled to relief on this basis.

As an aside, we note the Appellant's argument that the trial court erred in requiring the Appellant to pay the $5000 in three days in order to maintain its approval to do business in the court. The Appellant correctly notes that it had thirty days from the entry of the final judgment to make payment. *See* Tenn. R. Civ. P. 62.01 ("Except as otherwise provided in this rule, no execution shall issue upon a judgment, nor shall proceedings by taken for its enforcement until the expiration of 30 days after its entry."); *see also State v. Frazier (In re Nashville Bonding Co.)*, No. 88-266-III (Tenn. Crim. App. June 29, 1989) (applying Tenn. R. Civ. P. 62.01 in a bond forfeiture proceeding). In future proceedings, the trial court should proceed in accord with Rule 62.01.

### III

The Appellant contends that the trial court erred in entering a final forfeiture judgment against its agent, Ginny Estes. The State contends that the Appellant waived this issue by

failing to raise it in a meaningful manner in the trial court and that in any event, the record does not contain the Defendant's bond in order for this court to determine whether Ms. Estes was listed as a surety. We conclude that the Appellant is not entitled to relief.

Regarding the State's waiver argument, we note that after the final judgment of forfeiture was entered, the Appellant filed a motion to alter or amend in which it raised the issue. We note, though, that the issue was not argued orally at the hearing on the motion, nor did the trial court address it in its order denying the motion. We do not consider the issue waived.

We note that Ms. Estes is not a party to this appeal. The notice of appeal was filed by "Danny Blankenship Bonding Company (hereinafter 'surety')." Counsel is listed as "Attorneys for Surety." Although Ms. Estes did not appeal the final judgment of forfeiture against her, Danny Blankenship Bonding Company is also a party to the judgment and has filed an appeal. The question of Ms. Estes's liability affects the extent of the Appellant's liability for the bail bond. The record reflects, as well, that Ms. Estes held herself out as "General Agent" of Danny Blankenship Bonding Company. *See* T.R.A.P. 13(a) ("Except as otherwise provided by Rule 3(e), any question of law may be brought up for review and relief by any party.").

The final judgment of forfeiture orders that the State recover from "Ginny Estes and Danny Blankenship Bonding Company, bond agent for the defendant, the sum of $5,000 plus cost for which execution may issue." As the State correctly notes, the bond is not in the record. We note that scire facias documents in the record list "Ginny Estes, surety" and that "Virginia Estes" signed pleadings on behalf of Blankenship Bonding Company as its "General Agent." Without the bond, we are unable to determine from the record whether Ms. Estes was an additional surety on the bond or if she was merely the surety's agent. "The Appellant had the obligation to ensure an adequate appellate record exists. *See* T.R.A.P. 24(e), (g); *State v. Ballard*, 855 S.W.2d 557, 560 (Tenn. 1993) (citing *State v. Bunch*, 646 S.W.2d 158, 160 (Tenn. 1983)). "Where the record is incomplete and does not contain . . . portions of the record upon which the party relies, an appellate court is precluded from considering the issue." *Ballard*, 855 S.W.2d at 560-61 (citing *State v. Roberts*, 755 S.W.2d 833, 836 (Tenn. Crim. App. 1988)). Therefore, we must presume the trial court's determination that Ms. Estes was a surety on the bond was correct. *See State v. Oody*, 823 S.W.2d 554, 559 (Tenn. Crim. App. 1991); *Roberts*, 755 S.W.2d at 836.

In consideration of the foregoing and the record as a whole, the judgment of final forfeiture is affirmed.

_____

JOSEPH  M.  TIPTON,  PRESIDING  JUDGE