MCNEILLY *v.* COOKSEY *et al.*

1. SURETY. *Will not be released. When.* It is no ground for relief of a surety in equity, that he called the attention of the officer who summoned him to trial jointly with the principal, to the fact that he was marked as security on the face of the note sued on, and told him to proceed to collect the debt as soon as possible, that he would neither stay the judgment nor procure its stay, and protested against having it stayed; nor that he told the officer, who came to him with the execution after judgment, that he neither stayed it, or had it stayed, that the stayor was liable before him, and to tell the owner of the judgment to proceed to make his money.

2. SAME. *Holding up execution by creditor will not release surety.* A surety after judgment, having the remedy in his own hands under our statutes, will not be released by the delay of the judgment creditor to proceed against the principal, nor by the issuance and return of executions without anything being done under them, nor by a positive order of the creditor to hold up the execution.

McNeilly *v.* Cooksey.

**3. SAME.** *Right to be subrogated upon voluntary payment.* The original surety, who is entitled to be subrogated, upon payment of the judgment, to the creditor's right against the stayor, may assert this right after a voluntary payment, and need not wait until compelled to pay by execution.

### FROM DICKSON.

Appeal from the Chancery Court at Charlotte. G. H. Nixon, Chancellor.

H. M. McADOO for complainant.

JACOB LEACH for defendants.

COOPER, J., delivered the opinion of the court.

On the 11th of January, 1862, George W. Nichols recovered a judgment before a justice of the peace, against W. H. Nichols and. complainant Thos. McNeilly, for $101.33, on a note executed by the former as principal debtor and the latter as surety, and which fell due on the 22d day of the previous October. This judgment was stayed by John C. Collier. During the war Nichols sold and transferred the judgment to the defendant George T. Cooksey. W. H. Nichols, the principal debtor, died early in 1863, and his estate proved and was suggested to be insolvent, and was being administered as such when the depositions in this case were taken. Collier, the stayor, died on the 3d of June, 1869. On the 23d of December, 1871, an alias execution from the justice's judgment was levied on land of the defendant McNeilly, and the papers were returned to the circuit court for an order of condemnation of the land, when this bill was filed to

McNeilly *v.* Cooksey.

perpetually enjoin the further proceeding under the levy. The defendants answered, denying the facts upon which the complainant's claim to the relief sought was rested. Proof was taken, the cause heard, and a decree rendered in favor of the complainant. The defendant Cooksey appealed.

The first ground upon which the complainant relies for relief is, that when the constable intrusted with the collection of the note served the warrant upon him for the trial before the justice, he called the officer's attention to the fact that he was only surety on the note, that he did not propose to stay the judgment, and wanted the collection enforced, and requested the constable to tell the plaintiff that if the note was not collected without delay, he would not be longer bound for the payment thereof. The proof of the complainant himself is in these words: " Afterward, when the constable summoned me to trial, I called his attention to the fact that I was marked as security on the note, and told him to proceed to collect it as soon as possible; and stated, at the same time, that I would neither stay it nor procure a stay, and I protested against having it stayed. I never heard any more of it." If it be that a constable, who is the agent of the plaintiff for the collection of a debt, can, by any thing the debtor may say to him, be turned into an agent of the plaintiff for other purposes touching the debt, so that notice to him of the defendant's wishes will be notice to the creditor—and we are not aware of any such law—the evidence fails to show that the complainant required active diligence on the part of the

creditor, or requested the officer to notify the creditor of his wishes.

The bill also relies upon what passed between the complainant and another officer, after the war, who had an alias execution in his hands on the same judgment. The complainant's own deposition on this subject is thus given: "I told him that I was only security upon the original debt; that I did not stay it, nor have it stayed, and that the stayor was liable before me. I told him Mr. Collier was amply able, and to tell Mr. Cooksey to proceed to make his money. I heard nothing further from it until my land was levied on." Here is a statement of conceded facts, and a mild request to the constable to tell the owner of the judgment "to proceed to make his money," but not the least intimation, if again the constable could be made the agent of the creditor for such a purpose, that the complainant demanded prompt action as a right, and would claim to be relieved if not taken.

The relief which has been conceded to a surety in equity, by "going to the verge of the law," is upon notice given by him to the creditor to sue the principal debtor. *Hancock* v. *Bryant,* 2 Yer:, 476. It has never, that we are aware of, been extended to a notice to proceed after judgment. On the contrary, it has always been held that the surety after judgment has his remedy in his own hands, because he is entititled at once to judgment over against his principal, and even a contract for delay made between the creditor and principal debtor, based upon a good consideration, will not release him. *Peay* v. *Poston,* 10 Yer.,

111; *Bryant* v. *Rudisell*, 4 Heisk., 661. Mere delay by a creditor to proceed against the principal debtor, either before or after judgment, all the authorities agree, will not release the surety. Nor will the issuance and return of execution without anything being done therewith, and even if ordered to be held up by the plaintiff. *Chaffin* v. *Rose*, 2 Tenn. Leg. Rep., 140. Nor will an actual levy on property, if invalid, or released for sufficient cause. *Bank* v. *Turney*, 7 Hum., 271; *Winham* v. *Crutcher*, 2 Tenn. Ch., 535, 538, affirmed by this court on appeal.

The complainant might not only have taken judgment against his principal at any time, but he would have been entitled, on payment of the original judgment, to be subrogated to the creditor's rights against the stayor, if, as he alleges, the stay was at the instance of the principal debtor alone. *Chaffin* v. *Campbell*, 4 Sneed, 184. It was not essential to this right that the payment should have been coerced by execution . A surety is not required to exhaust every possible means of litigation, nor to litigate at all. *Winchester* v. *Beardin*, 10 Hum., 247. A payment legally compellable is not officious. *State* v. *Blakemore*, 7 Heisk., 638, 651. A surety is "compelled to pay," in the sense in which that phrase has sometimes been used, whenever payment can be enforced.

The decree must be reversed, and the bill dismissed with costs.