JOHN RONALD BLANKENSHIP

*v.*

STATE OF TENNESSEE

443 S.W.2d 442

(*Jackson,* April Term, 1969.)

Opinion filed May 5, 1969.

Opinion on Petition to Rehear filed July 28, 1969

HUGH STANTON, JR., Memphis, for plaintiff in error, Blankenship.

JOHN KNOX AYCOCK and IKE R. CLINTON, Memphis, for petitioner, The Maryland National Insurance Company.

GEORGE F. McCANLESS, Attorney General, and ROBERT H. ROBERTS, Assistant Attorney General, Nashville, for the State.

See also, Tennessee Criminal Appeals, 432 S.W.2d 679.

MR. CHIEF JUSTICE BURNETT delivered the opinion of the Court.

This case involves the liability of a surety on a criminal bond. There was a judgment by the Court of Criminal Appeals in favor of the State, holding the surety liable while exonerating the principal. From the judgment of the Court of Criminal Appeals in this matter a petition for certiorari was had to this Court, which has been heretofore granted. The case has been orally argued, and we now have the issue for consideration, that is, whether or not after a principal on a criminal

bond has been surrendered to the State and is in custody and is held not liable under his bond, can the surety be held liable for such bond?

John Ronald Blankenship was indicted for a criminal offense by the grand jury of Shelby County, Tennessee. On June 23, 1967, the defendant, as principal, and the Maryland National Insurance Company, as surety, entered into an appearance bond for the appearance of said principal in the Court of Criminal Appeals of Tennessee at Jackson, Tennessee. Upon failure of the defendant, Blankenship, to appear on December 18, 1967, as ordered by the Court of Criminal Appeals, that court, on March 4, 1968, entered an order of conditional forfeiture on the appearance bond and, on October 8, 1968, on motion of the State; entered an order of final forfeiture against both the defendant, Blankenship, the principal, and the surety on said appearance bond.

On October 11, 1968, the surety filed a petition to set aside the final judgment and exonerate the bondsman and surety of the bondsman. This petition was denied by the Court of Criminal Appeals on October 17, 1968. On October 25, 1968, Blankenship and the surety filed a petition to set aside the final forfeiture of the appearance bond and to grant a rehearing to set aside this final forfeiture of this appearance bond. On November 8, 1968, amendments were filed to this petition to rehear which amendments of both the surety and Blankenship were argued, and the Court of Criminal Appeals entered an order setting aside the forfeiture as to the defendant, Blankenship, and exonerating said Blankenship for any liability arising out of said appearance bond and denied the petition to rehear of his surety and entered a judgment against the surety in the amount of $5,000.00 and

the costs of the cause. From this action, as heretofore said, a petition for certiorari has been granted.

In the petition of the principal, Blankenship, to set aside the order against him, there were with this petition two affidavits filed. One was by the jailor of Shelby County stating that Blankenship was in his custody on March 29, 1968, until his delivery to the Warden of Fort Pillow Penitentiary on the 30th of July, 1968. There was likewise an affidavit filed from the Warden of this penitentiary verifying that Blankenship had been continuously in his custody from the 30th day of July, 1968, until the time this case was heard by the Court of Criminal Appeals.

The record also shows that when Blankenship was ordered to appear in the Court of Criminal Appeals in December, 1967, and a forfeiture taken on his bond on March 4, 1968, which was taken upon his failure to appear in 1967, when he was required to appear, that the Judge and Clerk of the Criminal Court of Shelby County, Tennessee, had had issued a *scire facias* for service upon this petitioner and his surety. This *scire facias* was not served in this cause by the Sheriff of Shelby County or any proper officer of Tennessee, nor was a "not found" or "not to be found" return of a *scire facias* made by any proper officer of Shelby County, Tennessee, Shelby County being the county in which the undertaking was entered into. Therefore, as a result of this showing having been made by an affidavit, the Court of Criminal Appeals, pursuant to T.C.A. sec. 23-2507, released the principal, Blankenship, from his undertaking. This section reads:

"When two scire facias have been returned 'not found' by the proper officer of the county in which the

undertaking was entered into, such returns are equivalent to a personal service, and judgment may be made absolute.''

Since the Clerk of the Criminal Court had only issued one *scire facias* and had not issued two, it was on this basis that the principal was released from this forfeiture. The court though refused to release the surety because as they say:

"With this we cannot agree for two reasons. In the first place his incarceration in a Tennessee Penitentiary did not constitute a failure to appear in October. In legal contemplation he was before the Court at that time, being in custody of the State and duly represented before the Court. If his physical appearance had been necessary before a Trial Court at that time he could have easily been delivered by an appropriate officer of the State. This is not a Court of original jurisdiction and appearances before it are made by attorneys on behalf of litigants. It is not a defendant's appearance in Court or notice of his whereabouts that is wanted at the final forfeiture hearing but his excuse for not being present when his presence was required. It was his burden prior to final forfeiture to show good cause, through his attorney, or attorney for the surety, why the final forfeiture should not be taken and the amount of the bond paid.

"Thus, in the second place, it is not his whereabouts on the day the conditional or final forfeitures are to be taken that T.C.A. sec. 40-1301 is concerned with, it is whereabouts on the original day he was ordered to appear and defaulted in this obligation. If he does appear before final forfeiture and presents a valid

excuse in the form of a sworn statement, as provided by law, explaining why he did not appear originally, then no forfeiture can be taken. The recent amendment to T.C.A. sec. 40-1301 allowing the showing of circumstances out of the control of a defendant preventing his appearance in Court was to relieve against the harsh conditions formerly prevailing."

It was for these reasons that the petition of the surety on this bond was denied.

This Court from its inception has held that the relief of a surety under these bail bonds was discretionary, under the very terms of the different sections of the Code. In *Black v. State*, 154 Tenn. 88, 290 S.W. 20 [1927], this Court quoted all the various sections which were then in force of the Code, and they were then codified under Shannon's Code as Sections 7144-7147, and held that it was necessary to consider all of these different statutes together. In this case a forfeiture had been entered on certain appearance bonds and a conditional judgment was entered against the surety. On their subsequent appearance, the principals were fined and final judgment entered against them and their sureties on the ground that the defendants "did not have a lawful excuse for failure to appear as required by the tenor of their bond." The Court then held that our statutes then in force provided that after forfeiture the bail "may be exonerated from liability by the surrender of the defendant" and the payment of all costs, but provided also that such relief was left to the sound discretion of the court, and that this power shall extend to the relief of those against whom final judgment has been entered as well as to the relief of those against whom proceedings are in progress. The Court held, as there was nothing

in the statutes to indicate legislative intent to make the release of the sureties mandatory on the surrender of their principal, that the judgment of the lower court would be affirmed.

We have had a number of reported cases on this question since that time, all of which have been summarized in a comparatively recent case by this Court of *Wallace v. State,* 196 Tenn. 577, 269 S.W.2d 780. In this opinion many of our cases are reviewed and reach the same conclusions as those set forth in *Black v. State,* supra. In other words the relief of a surety on these bonds was a matter left in the sound discretion of the trial court. As a result of *Wallace v. State,* supra, the Legislature of this State amended T.C.A. sec. 40-1301, applicable to the questions here involved, by adding this sentence:

"On the filing of such detainer, the court *shall exonerate* the bondsman and sureties but said bondsman and sureties shall in any event remain liable for the expenses of returning the principal when said principal is released by the detaining authority." [Emphasis supplied.]

In *Black v. State,* supra, the Court took up this question in a minute and clear manner and showed why the other statutes applicable here were not mandatory but were left to the discretion of the court. When we come to read this last legislative enactment on the question here, in view of what happened over the previous years under our statutes on this subject, we find that the Legislature used very compelling language when the principal had been picked up and "a detainer" was had against him, which means, of course, he is in jail in some other court, and that court, when his time is finished, will notify the local court and he will be brought back

there and that the court "shall exonerate" the bondsman and sureties, etc. This language as used here is entirely different from the language used in *Black v. State,* supra, where the comparison of what "may" means and "shall" means, etc., is taken up in minute detail. The language used here is clearly mandatory. In other words, penal statutes which use the word "shall" and then provide a penalty for failure to do what is required are universally classified as mandatory statutes.

It clearly seems that the Legislature, which had before it the *Wallace* case, where Wallace was in custody in another State and yet his $15,000.000 cash bond was forfeited, directed the court if the principal was in the custody of another State to exonerate the surety. [In the instant case the man is in prison in this State for the very crime of which he was convicted and for which he had originally given bond to appear and had not done so, but he had been apprehended and was in prison in this State, serving a sentence at the time this final forfeiture was taken.] Of course, the sureties on this bond were negligent in not making this known to the court when the final forfeiture was taken, but for this kind of negligence—in other words, the thing they gave the bond for has been fulfilled—they should not be penalized by making them pay the full amount of this bond.

What we are saying is not that the Court of Criminal Appeals abused its discretion but we feel that the purpose of the Legislature in enacting this last sentence of T.C.A. sec. 40-1301, which was Chapter 333 of the Public Acts of 1967, was clearly for the purpose of holding when the purpose of the bond had been fulfilled or the defendant was in such a place that it could be fulfilled the court must give the bondsman credit and

not penalize him the full amount of the bond that he had made. This is more or less complying with what the law generally is on a question of the kind as was said in *Nashville v. Singer & Johnson Fertilizer Co.*, 127 Tenn. 107, 153 S.W. 838:

"It is axiomatic and fundamental that the obligation of a surety is *strictissimi juris*, and cannot be extended beyond the limits of his engagement."

It is also said in 8 C.J.S. under "Bail" sec. 77, on page 212 that:

"Where, after giving bail, the prisoner is rearrested or ordered into custody on the same charge or for the same offense, his sureties are discharged, as the only consideration on the undertaking accruing to the sureties is their custody of the principal, and when this consideration fails their liability ceases."

In other words the engagement that the principal here made has been fulfilled now that the man is in the penitentiary, or was at the time he was called out. We feel that the bondsman or surety on this principal should be released but taxed with all the costs of this proceeding for obvious reasons. Therefore, a decree may be drawn reversing the lower court and dismissing this proceeding as far as the surety is concerned herein upon the payment of the costs in such a proceeding.

### Opinion On Petition To Rehear

Counsel for the State has filed herein a courteous, dignified and forceful petition to rehear. In the first section of this petition it is said:

"It is apparent from the face of the opinion that the Court did not extricate the facts of this case from the

voluminous record it had before it. The State realizes that in addition to all the records brought up from the Court of Criminal Appeals that there were petitions for certiorari to this Court, the State's response thereon, supplemental briefs by the State, rebuttal briefs by the petitioner, orders and exhibits, as well as oral argument on behalf of both parties. From such voluminous record, containing claims and counterclaims, and as a direct result thereof, the State is convinced that this Honorable Court failed to ascertain the true facts in the case.''

Then it is pointed out that we said in our opinion that Blankenship had been exonerated from his liability as principal, when as a matter of fact the Court of Criminal Appeals did not exonerate him. This was likewise (which is very unusual indeed) called to this Court's attention by the writer of the principal opinion on behalf of the Court of Criminal Appeals who wrote the Clerk and asked the Clerk to notify us of this erroneous conclusion.

We, after this was done, had the record sent to us and went over it again and found among the various and sundry orders of the Court of Criminal Appeals one dated January 30, 1969, which was not called to our attention by either party in their briefs, or supplemental briefs, and we apparently assumed that this was one of the many other orders which was in the record and all looked alike as far as appearance was concerned. This order does, what the Court of Criminal Appeals calls, rectify their previous orders, and strikes from an order of December 26, 1968, the words that Blankenship "be and hereby is exonerated from any liability arising out of said appearance bond * * *" and entered an order in

lieu thereof, "that the final forfeiture heretofore taken on the appearance bond of John Ronald Blankenship be and the same is hereby set aside."

Apparently it is conceded now that the forfeiture of Blankenship was set aside and no order was ever attempted to fix the forfeiture on him for anything. The facts in the opinion that we wrote otherwise apparently corresponds with the record. As far as the question of thus using in the opinion the term "exonerate" there is really no difference in view of what we determined to be the correct conclusion of this lawsuit. Since no judgment was taken against Blankenship, and for reasons stated by the Court of Criminal Appeals, we feel that the conclusion we have reached herein as to the liability of the bondsman is correct. The State by filing their petition to rehear and getting the term of "exonerated" changed by the Court of Criminal Appeals apparently thought that they could go back and eventually get a judgment against the principal as well as the one they had against the bondsman. Petition for certiorari was asked on this issue, granted, argued and then we concluded that there was no liability against the bondsman under the facts of this case for the reasons stated in our opinion which we now, after having reread everything in the record, and having the entire record before us again, have concluded and are satisfied that we reached the correct conclusion under the factual situation of this case.

The State's petition to rehear cites an opinion we rendered on January 20, 1969, *State of Tennessee v. Cole and Wilkerson,* not for publication. We have a copy of this opinion before us, and the only resemblance at all to the opinion in the present case is that the surety in the *Cole-Wilkerson* case was the same as the surety in the present lawsuit. The writer of that opinion was

likewise the writer of this opinion, and factually there is absolutely no connection between the two lawsuits otherwise. We in the *Cole-Wilkerson* case did not go into the factual situation other than to show that the liability was on the bondsman in that case. It is an entirely different proposition from that in the present case.

The other case cited on petition to rehear is *McNeilly v. Cooksey*, 70 Tenn. 39. We considered this case, as it was cited in the supplemental brief heretofore filed by the State in this matter. In this *Cooksey* case a final judgment had been entered against both the principal and the surety on a note, and the issue was whether or not the surety would be relieved of his obligation to pay the judgment by the delay of the judgment creditor in proceeding against the principal, or by the issuance of executions without anything further being done to try to collect the judgment pursuant to the execution, or by the positive order of the creditor to hold up the execution. The question there is a far cry from that raised in the present case, wherein, simply stated, the principal has no judgment of forfeiture against him; he is in custody and was at the time the forfeiture was made final herein as to the surety. In the conditional forfeiture entered by the Court of Criminal Appeals, it was ordered that both the principal and surety have a *scire facias* issued against them directing them to show cause why the judgment should not be made final. By appearance of counsel in open court where he made a statement, which is to be treated as an affidavit, it is shown that the principal was in custody and it was for this reason that, as we said in our original opinion, the judgment was set aside.

After having given this matter an undue amount of consideration and study, the petition to rehear is denied.