STATE of Tennessee, Appellee,

v.

Albert GAULDIN, Appellant.

Court of Criminal Appeals of Tennessee, at Jackson.

May 20, 1987.

Permission to Appeal Denied by Supreme Court Sept. 8, 1987.

Marianna Williams, Dyersburg, for appellant.

W.J. Michael Cody, Atty. Gen. & Reporter, James W. Thompson, Asst. Atty. Gen., Nashville, Jim W. Horner, Dist. Atty. Gen., Lyman Ingram, Joseph McCoin, Asst. Dist. Attys. Gen., Dyersburg, for appellee.

## OPINION

JONES, Judge.

The defendant, Albert Gauldin, was convicted of the offense of robbery with a deadly weapon by a jury of his peers. The trial court sentenced the defendant to serve a term of eighteen (18) years in the Department of Corrections as a Range I standard offender. After his motion for a new trial was overruled by the trial court the defendant appealed as of right to this Court pursuant to Rule 3(b), Tenn.R.App.P.

In this Court the defendant contends (a) the evidence is insufficient to support a conviction for robbery with a deadly weapon, (b) the trial court failed to administer an oath to the presiding bailiff, (c) the charge given to the trial judge was unclear and confusing, and (d) the sentence imposed by the trial judge was excessive.

## SUFFICIENCY OF THE EVIDENCE

■ The defendant and his friend, Darrell Moore, went to the victim's apartment to visit. During the course of the visit the victim exhibited money to his guests on several occasions. The victim was apparently drunk. Moore suggested to the defendant that they take the victim's money.

As the victim laid in bed, Moore struck the victim on the head with a clothing iron twice; and the defendant removed a billfold containing approximately $200 from the victim's back pocket. They divided the money after leaving the apartment.

The police confiscated the defendant's jacket, which had fresh blood stains on it. Some of the money found in one of the pockets of the jacket also was blood stained. The victim's billfold and the gloves the defendant and Moore wore during the commission of the crime were recovered from a garbage can at the home of the victim's mother.

When the victim was eventually found, he had lost a considerable amount of blood, was very weak, and in serious condition. He was still bleeding from his head when the police arrived at his apartment. He was taken to the hospital.

An examination of the victim revealed a low blood pressure, a very fast pulse, and severe distress. The examination also revealed facial bruises, a laceration near the right temple, and a fracture of the skull near the left ear. The victim was confined to the hospital approximately four days for the injuries he received.

When the defendant challenges the sufficiency of the convicting evidence, this Court must review the record to determine if the evidence adduced at trial is sufficient "to support the findings by the trier of fact of guilt beyond a reasonable doubt." Tenn.R.App.P. 13(e). This rule is applica-

ble to findings of guilt based upon direct as well as circumstantial evidence. *Farmer v. State,* 208 Tenn. 75, 343 S.W.2d 895, 897 (1961); *State v. Brown,* 551 S.W.2d 329, 331 (Tenn.1977).

In determining the sufficiency of the evidence we do not reweigh or reevaluate the evidence. *State v. Cabbage,* 571 S.W.2d 832, 835 (Tenn.1978); *State v. Hatchett,* 560 S.W.2d 627, 630 (Tenn.1978); *State v. Grace,* 493 S.W.2d 474, 476 (Tenn.1973); *Braziel v. State,* 529 S.W.2d 501, 505 (Tenn.Crim.App.1975). Nor may we substitute our inferences for those drawn by the trier of fact in circumstantial evidence cases. *Liakas v. State,* 199 Tenn. 298, 286 S.W.2d 856, 859 (1956); *Farmer v. State,* 574 S.W.2d 49, 51 (Tenn.Crim.App.1978). To the contrary, we are required to afford the State of Tennessee the strongest legitimate view of the evidence contained in the record as well as all reasonable and legitimate inferences which may be drawn from the evidence. *State v. Cabbage,* supra.

Questions concerning the credibility of witnesses, the weight and value to be given the evidence as well as all factual issues raised by the evidence are resolved by the trier of fact, not this Court. *State v. Cabbage,* supra; *State v. Grace,* supra; *State v. Tuggle,* 639 S.W.2d 913, 914 (Tenn.1982); *Braziel v. State,* supra. In *Grace* our Supreme Court said: "A guilty verdict by the jury, approved by the trial judge, accredits the testimony for the State and resolves all conflicts in favor of the theory of the State." 493 S.W.2d at 476.

Since a verdict of guilt removes the presumption of innocence and replaces it with a presumption of guilt, *State v. Grace,* supra, the accused has the burden of proving to this Court that the evidence is insufficient to support the verdict returned by the trier of fact. *State v. Tuggle,* supra. This Court will not disturb a verdict of guilt, which has been approved by the trial judge, on the facts unless the evidence contained in the record is insufficient for a rational trier of fact to find the defendant guilty beyond a reasonable doubt. *State v. Tuggle,* supra.

We are of the opinion there is an abundance of evidence contained in the record from which a rational trier of fact can conclude that the appellant is guilty of robbery with a deadly weapon. Tenn.R. App.P. 13(e); *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *State v. Tuggle,* supra. This issue is without merit.

## FAILURE TO ADMINISTER OATH TO BAILIFF

The defendant contends the trial judge failed to administer an oath to the bailiff when the jury was placed in his charge. According to the defendant, the bailiff should have been sworn to keep the jury separate and apart from all persons, and prevent them from communicating with other persons or other persons communicating with them; and to refrain from communicating with the jurors themselves other than to ask them if a verdict had been reached.

■ We are of the opinion this issue has been waived. The defendant failed to object prior to the trial court placing the jurors in the charge of the bailiff. Had the defendant brought this to the attention of the trial judge timely, this oversight would not have occurred. Rule 36(a), Tenn.R. App.P. This rule provides that nothing "shall be construed as requiring [that] relief be granted to a party responsible for an error or who failed to take whatever action was reasonably available to prevent or nullify the harmful effects of an error." Furthermore, the defendant has failed to illustrate how he was prejudiced.

■ If this oversight can be said to have constituted error, it was harmless beyond a reasonable doubt in the context of this case. Tenn.R.App.P. 36(b); *Chapman v. California,* 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). This issue is without merit.

## LACK OF CLARITY AND CONFUSING NATURE OF CHARGE

■ In the motion for new trial the defendant raised as an issue: "The instruc-

tions given by the court to the jury were unclear and confusing." The defendant did not elaborate. In this Court the same issue has been raised: "[w]hether the instructions given by the Court to the Jury were unclear and confusing." We are of the opinion this issue has been waived. Tenn. R.App.P. 3(e); *State v. King*, 622 S.W.2d 77, 79 (Tenn.Crim.App.1981); *State v. McKinney*, 603 S.W.2d 755, 759–760 (Tenn. Crim.App.1980). See Tenn.R.App.P. 47.

Rule 3(e), Tenn.R.App.P. requires issues to be *"specifically"* stated in a motion for a new trial in the lower court and decided adversely to the appellant; "otherwise such assignments will be treated as waived...." [Emphasis added] Rule 47, Tenn.R.Crim.P., requires that a motion "state with *particularity* the grounds upon which it is made...." [Emphasis added] When, as here, the issue does not advise the trial court or opposing counsel of the basis of the error or irregularity, the issue should not have been considered by the trial court on the motion for a new trial, and it will not be considered by this Court on appeal. *State v. King*, supra; *State v. McKinney*, supra.

This issue is without merit.

### EXCESSIVENESS OF SENTENCE

■ The defendant contends the sentence imposed by the trial judge was excessive. Unfortunately, we are unable to address this issue.

As the defendant states in his brief, the trial judge made no specific findings of fact as to how he applied the sentencing principles enumerated in the Tennessee Criminal Sentencing Reform Act of 1982 to the facts of this case. The trial judge did not address the purposes of the Act, see T.C.A. § 40–35–102, the sentencing considerations enumerated in the Act, T.C.A. § 40–35–103, the mitigating factors that might be present, T.C.A. § 40–35–110, or the enhancing factors which may also be present. T.C.A. § 40–35–111. As Justice Drowota stated in *State v. Moss*, 727 S.W.2d 229 (Tenn.1986), there is "[a] panoply of statutory provisions [which] guides sentencing courts in the exercise of their discretion."

The Tennessee Criminal Sentencing Reform Act of 1982 makes it clear that the record of the sentencing hearing "shall include specific findings of fact upon which application of the sentencing principles were based." T.C.A. § 40–35–209(c). This provision is mandatory. See *Stubbs v. State*, 216 Tenn. 567, 393 S.W.2d 150, 154 (1965); *Blankenship v. State*, 223 Tenn. 158, 443 S.W.2d 442, 445 (1969). The fact that this Court must review the sentence imposed by the trial court *de novo* without a presumption of correctness does not relieve the trial judge from complying with this mandate. See T.C.A. § 40–35–402(d). As this Court said in the recent case of *State v. Anthony D. Davis, et al.*, No. 954, Hamilton Criminal, filed at Knoxville November 25, 1986 [Available on WESTLAW, TN–CS database]:

> We wish to make it clear, however, that the fact we are now required to make a *de novo* review of these sentencing issues does not in any way relieve the trial judges of their responsibility and duty to comply with the guidelines and mandates of the Sentencing Act including the making of a proper record.

Since the trial judge did not comply with the requirements of T.C.A. § 40–35–209(c), we are compelled to remand this cause to the trial court so that the trial judge can include in the record specific findings of fact upon which application of the sentencing principle were based. In doing so the trial judge should be guided by the opinion of the Supreme Court in *State v. Moss*, supra.

The defendant's conviction for the offense of robbery with a deadly weapon is affirmed. However, this cause is remanded to the trial court to permit the trial judge to include in the record specific findings of fact upon which application of the sentencing principles was based.

DUNCAN and DAUGHTREY, JJ., concur.