# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

### JUNE 1997 SESSION



FILED

July 16, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

STATE OF TENNESSEE, )
)
) C.C.A. No. 02C01-9606-CC-00203
Appellee, )
) Gibson County
V. )
) Honorable Dick Jerman, Jr., Judge
)
COURTNEY PRICE, ) (Sentencing)
A.K.A. COURTNEY )
ROBERTSON, )
)
Appellant. )

FOR THE APPELLANT:                    FOR THE APPELLEE:

Tom W. Crider                         Charles W. Burson
District Public Defender              Attorney General & Reporter

J. Diane Stoots                       Deborah A. Tullis
Assistant Public Defender             Assistant Attorney General
107 South Court Square                450 James Robertson Parkway
Trenton, TN 38382                     Nashville, TN 37243-0493

                                      Clayburn Peeples
                                      District Attorney General
                                      110 South College Street
                                      Suite 200
                                      Trenton, TN 38382

OPINION FILED: _____

**REVERSED AND REMANDED**

**PAUL G. SUMMERS,**
Judge

**O P I N I O N**

The appellant, Courtney Price, a.k.a. Courtney Robertson, pled guilty to two counts of the illegal sale of a controlled substance. He was sentenced as a Range I offender and placed in the Community Corrections Program for four years on each count, to be served concurrently. The trial court subsequently ordered the appellant arrested because he had violated his community corrections sentence by failing to obtain employment and by failing three drug screening tests. Despite the appellant's violation of his community corrections sentence, the trial court ordered that he be reinstated to the Community Corrections Program and that he find full-time employment by a certain date. Shortly thereafter, the trial court ordered the appellant arrested because he failed to appear at his hearing to show that he had obtained employment. The trial court then revoked the appellant's community corrections sentence and resentenced him to six years in the Tennessee Department of Correction, thereby increasing his original sentence from four years to six years.

On appeal, the appellant does not challenge the trial court's finding that he violated the conditions of his community corrections sentence. He does, however, challenge the trial court's decision to enhance his sentence from four years to six years, after his initial sentence was revoked. We respectfully reverse the trial court's judgment.

The appellant argues that because "the trial court did not set out any enhancement factors on the record and the State did not file an enhancement notice, it can be presumed that the trial court found no enhancement factors." Therefore, he contends that the trial court erred by increasing his sentence; and his original sentence should be reinstated based on the record before this Court.

The state argues that Tenn. Code Ann. § 40-36-106(e)(4) (Supp. 1994) permits the trial court to "resentence the [accused] to any appropriate sentencing alternative, including incarceration, for any period of time up to the maximum sentence provided for the offense committed." Also, the state acknowledges that "the trial court failed to state the mitigating and enhancement factors relied upon in the record, and that the presumption of correctness given to the trial court's decision on appeal is inappropriate in this case." However, the state maintains that a de novo review of the record indicates that enhancement factors exist which justify the appellant's new sentence.

Although a de novo review of the sparse record that exists in this case certainly indicates that the appellant's enhanced sentence is warranted, this Court must follow the Tennessee Criminal Sentencing Reform Act of 1989 and the Community Corrections Act. When a trial court enhances a defendant's initial sentence, it "shall include specific findings of fact upon which application of the sentencing principles were based" and must state on the record the reasons for imposing a new sentence. Tenn. Code Ann. §§ 40-35-209(c) and -210(f)-(g) (Supp. 1994) (emphasis added). Although the review of sentences in this Court is de novo, the trial court must still comply with procedures mandated by these statutes during a sentencing hearing. State v. Ervin, 939 S.W.2d 581 (Tenn. Crim. App. 1996); State v. Patterson, No. 02C01-9308-CC-00174 (Tenn. Crim. App. at Jackson, May 25, 1994); State v. Batts, No. 01C01-9210-CR-00326 (Tenn. Crim. App. at Nashville, Feb. 18, 1993); State v. Gauldin, 737 S.W.2d 795, 798 (Tenn. Crim. App. 1987).

The transcript of the sentencing hearing is barely two pages. The trial court summarily sentenced the appellant to six years, without indicating in the record any legal basis for the increased sentence and without making any findings of fact.

Consequently, we reverse the judgment of the trial court and remand this case for a new sentencing hearing that comports with the Tennessee Criminal Sentencing Reform Act of 1989, Tenn. Code Ann. § 40-35-101 et seq.

-4-

_____
PAUL G. SUMMERS, Judge

CONCUR:


_____
DAVID H. WELLES, Judge


_____
JOE G. RILEY, Judge