# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

### DECEMBER 1997 SESSION

FILED

January 7, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | NO. 02C01-9610-CR-00371 |
| Appellee, | ) | |
| | ) | SHELBY COUNTY |
| VS. | ) | |
| | ) | HON. ARTHUR T. BENNETT, |
| TRACEY E. STIGALL, | ) | JUDGE |
| | ) | |
| Appellant. | ) | (Aggravated Burglary) |


**FOR THE APPELLANT:**

A. C. WHARTON, JR.
Shelby County Public Defender

TIMOTHY J. ALBERS (Trial)
Assistant Public Defender
201 Poplar, Ste. 201
Memphis, TN 38103

EDWARD G. THOMPSON (Appeal)
Assistant Public Defender
212 Adams Avenue
Memphis, TN 38103

**FOR THE APPELLEE:**

JOHN KNOX WALKUP
Attorney General and Reporter

SARAH M. BRANCH
Assistant Attorney General
Cordell Hull Building, 2nd Floor
425 Fifth Avenue North
Nashville, TN 37243-0493

WILLIAM L. GIBBONS
District Attorney General

DAVID B. SHAPIRO
Assistant District Attorney General
201 Poplar Avenue, Ste. 301
Memphis, TN 38103-1947


**OPINION FILED:** _____

**AFFIRMED**

**JOE G. RILEY,**
**JUDGE**

## O P I N I O N

Defendant, Tracey E. Stigall, was convicted by a Shelby County jury of the offense of aggravated burglary. The sole issue in this direct appeal is whether the trial court erred in failing to charge lesser offenses. We AFFIRM the judgment of the trial court.

## FACTS

Although the defendant does not challenge the sufficiency of the evidence, a review of the facts is necessary in order to determine whether the trial court erred in failing to charge any lesser offenses.

On January 26, 1995, between 6:00 p.m. and 7:00 p.m., thirteen-year old Cephes Jones was alone watching television in the upstairs bedroom of his mother's apartment. He heard knocking at the front door and then heard the mail slot in the door being raised and lowered. This was followed by the sound of breaking glass. Although he ran downstairs and looked outside, he was unable to see anyone.

Approximately five minutes later, he heard more knocking on the glass. He took refuge in a closet and, utilizing a cordless phone, telephoned his grandmother. His grandmother notified the police.

The police responded immediately and found the defendant leaving the porch area of the apartment. Defendant, who lived nearby, advised the officer that he was just returning from a store.

The officer discovered that the apartment window had been broken and observed that the defendant's hand was bleeding from a fresh injury. There were bits of glass on the inside of defendant's hands as well as on his coat.

Shattered glass was found both inside and outside the apartment. The broken window had been unlatched, and a Coke can was found under a couch which was directly below the window.

## TRIAL PROCEDURE

All testimony was presented by state witnesses. The defendant offered no proof. There were no requests that the jury be charged with regard to lesser offenses, and the trial judge submitted only the indicted charge of aggravated burglary. Upon completion of the jury charge, there were no objections nor were any additional instructions requested. The issue of lesser offenses was raised for the first time in defendant's motion for new trial when he argued that the lesser offense of criminal trespass should have been charged.

## ANALYSIS

Defendant contends the trial court committed reversible error by failing to charge the lesser offenses of criminal trespass and attempted aggravated burglary. The state contends there is no evidence to support criminal trespass. Further, the state argues that this was a completed burglary, thereby making a charge on criminal attempt unnecessary. We find that the trial court did not err in failing to charge these lesser offenses.

### A. Failure to Object

We note that the defendant failed to request a charge on lesser offenses and further failed to object to this omission after the jury charge. Tenn. R. Crim. P. 30(b) provides that the parties are to be given an opportunity to object to the content of jury instructions or the failure to give requested instructions; however, the failure to make objections in these instances does not prohibit their being used as grounds in the motion for new trial. State v. Lynn, 924 S.W.2d 892, 898-899 (Tenn. 1996). However, alleged omissions in the jury charge must be called to the trial judge's attention at trial or be regarded as waived. State v. Haynes, 720 S.W.2d 76, 84-85 (Tenn. Crim. App. 1986). In contrast to an erroneous instruction or the failure to give a requested instruction, defense counsel cannot sit on an objection to an omitted charge and allege it as a ground in the motion for new trial. State v.

3

Deborah Gladish, C.C.A. No. 02C01-9404-CC-00070, McNairy County (Tenn. Crim. App. filed November 21, 1995, at Jackson), *perm. to app. denied* (Tenn. May 6, 1996). The issue is waived.

We, nevertheless, have the authority to address the failure to charge appropriate lesser offenses as plain error. Tenn. R. Crim. P. 52(b). However, for reasons stated hereafter, we find no plain error.

## B. Specificity of Motion for New Trial

Defendant's motion for new trial did not recite which lesser offenses should have been charged and merely cited the case of State v. Vance, 888 S.W.2d 776 (Tenn. Crim. App. 1994). Vance held that criminal trespass was a lesser offense of aggravated burglary and did not discuss attempted aggravated burglary. Id. at 779. Furthermore, at the motion for new trial defense counsel argued that criminal trespass should have been charged as a lesser offense but did not argue that attempted aggravated burglary should have been charged.

Tenn. R. App. P. 3(e) requires that issues in a motion for new trial must be "specifically stated... otherwise such issues will be treated as waived." Where the motion does not advise the trial court of the basis of the irregularity, the issue should not be considered by the trial court or by this Court on appeal. State v. Gauldin, 737 S.W.2d 795, 798 (Tenn. Crim. App. 1987). Since the defendant never brought to the attention of the trial court that attempted aggravated burglary should have been charged as a lesser offense, that issue is further waived on this basis.[1]

## C. Evidence Supporting Criminal Trespass

We recognize the responsibility of the trial court to instruct on lesser offenses whether requested to do so or not. Johnson v. State, 531 S.W.2d 558, 559 (Tenn.

---

[1]We do not find plain error in the failure to charge attempted aggravated burglary. The undisputed evidence indicated that the perpetrator of this offense opened and closed the mail slot on the door, broke out the window using a Coke can and his hand, and unlatched the window lock. A person who, without the effective consent of the property owner, enters a habitation (or any portion thereof) not open to the public with the intent to commit theft commits the offense of aggravated burglary. Tenn. Code Ann. § 39-14-402(a)(1) and 403(a). Unlike the criminal trespass statute, the burglary statute provides that the word "enter" means the "[i]ntrusion of any part of the body; or [i]ntrusion of any object in physical contact with the body..." Tenn. Code Ann. § 39-14-402(b)(1) and (2). Since the undisputed proof showed that the perpetrator completed the offense of aggravated burglary by the intrusion of his hand to unlock the window, the trial court did not commit plain error in failing to charge attempted aggravated burglary.

4

1975). However, the trial court is required to instruct on lesser offenses only when the evidence would support a conviction for the lesser offenses. State v. Trusty, 919 S.W.2d 305, 311 (Tenn. 1996). Criminal trespass is a lesser grade offense of aggravated burglary. *See* Trusty at 311; State v. Curtis Smith, C.C.A. No. 02C01-9602-CR-00051, Shelby County (Tenn. Crim. App. filed June 3, 1997, at Jackson). It should be charged under the appropriate facts. State v. Vance, 888 S.W.2d at 779. We will now determine if the court committed plain error in failing to charge criminal trespass.

A person who "enters or remains" on the property of another knowing that he or she does not have the owner's effective consent commits a criminal trespass. Tenn. Code Ann. § 39-14-405(a). The word "enter" is defined as an "intrusion of the entire body." Tenn. Code Ann. § 39-14-405(c). The record in this case is devoid of any evidence indicating that the defendant entered the property with his "entire body." Therefore, a charge on criminal trespass would have been inappropriate.

## CONCLUSION

For the foregoing reasons, we affirm the judgment of the trial court.

_____
_____JOE G. RILEY, JUDGE

CONCUR:

_____
JERRY L. SMITH, JUDGE

_____
CURWOOD WITT, JUDGE