IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs May 18, 2004

## STATE OF TENNESSEE v. JOE W. FRANCE

**Appeal from the Criminal Court for Jefferson County**
**No. 7133     O. Duane Slone, Judge**

**No. E2003-01293-CCA-R3-CD - Filed July 19, 2004**

The defendant, Joe W. France, pled guilty to the sale of cocaine in excess of .5 grams.  A Range II, 12-year sentence was imposed but the defendant was granted probation supervised under a Community Corrections program after a term in jail.  After the issuance of a revocation warrant, the defendant agreed to an increase of the sentence to 20 years in exchange for continued probation supervised by the Community Corrections program.  Later, the defendant violated the terms of the agreement and was ordered to serve the 20-year sentence.  In this appeal, the defendant complains that even though he entered into the sentence modification by agreement, he was entitled to a hearing before  the sentence was increased.  The judgment of the trial court is reversed.  Because both the original plea agreement and the amended agreement provided for illegal sentences, the conviction must be set aside and the cause remanded for trial.

### Tenn. R. App. P. 3; Judgment of the Trial Court Reversed and Remanded

GARY R. WADE, P.J., delivered the opinion of the court, in which JOE G. RILEY and ALAN E. GLENN, JJ., joined.

Edward C. Miller, Public Defender (on appeal), and Susanne Bales, Assistant Public Defender (at trial), for the appellant, Joe W. France.

Paul G. Summers, Attorney General & Reporter; Elizabeth Ryan, Senior Counsel; and Charles L. Murphy, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

On July 10, 2001, the defendant pled guilty to the sale of cocaine in excess of .5 grams.  As a part of a plea agreement, the trial court imposed a Range II, 12-year sentence, requiring 365 days in the county jail with the balance on probation but to be supervised by a Community Corrections program.  Six and one-half months after the guilty plea, the petitioner was charged with violating conditions of his probation after testing positive for cocaine, failing to pay costs, fines and fees, and evading arrest.  A probation revocation hearing was conducted and the defendant admitted the

violations of his Community Corrections probation. At the hearing on September 24, 2002, the petitioner entered into a sentence modification agreement which provided for an increase in the sentence to 20 years but which also provided for a continuation of "Community Corrections supervised probation." The conditions of his release included a drug and alcohol assessment and random drug testing. Less than three months later, a second probation violation warrant was issued and, after a hearing, the trial court ordered the 20-year sentence to be served in the Department of Correction.

In this appeal, the defendant argues that the trial court erred by approving the revised 20-year plea agreement without directing a pre-sentence investigation and conducting a sentencing hearing. The defendant argues that the legislature authorized trial courts to re-sentence under the Community Corrections Act only after a determination of the nature, the circumstances, and the frequencies of the defendant's misconduct while on a release status. Citing State v. Ervin, 939 S.W.2d 581, 583 (Tenn. Crim. App. 1996), the defendant insists that the legislation precludes an increase in the sentence absent an evidentiary hearing documenting the reasons for the imposition of a greater term.

The state has conceded that the holdings in both State v. Gauldin, 737 S.W.2d 795, 798 (Tenn. Crim. App. 1987), and State v. Crook, 2 S.W.3d 238 (Tenn. Crim. App. 1998), require a sentencing hearing with appropriate findings of fact when a defendant is re-sentenced to a term more severe than the original sentence to the Department of Correction. It takes the position, however, that both Gauldin and Crook are distinguishable because, in this instance, the defendant agreed to the 20-year sentence and chose not to appeal within the time prescribed.

Parenthetically, the record indicates that the defendant disregarded the advice of his trial counsel at the first revocation proceeding and insisted upon accepting a modification from the original term of 12 years to a 20-year sentence. The record suggests that he was motivated in great measure by a desire to remain on probation. There was no timely appeal from the re-sentencing order. The defendant does, however, appeal from the order entered some eight months later wherein the trial court revoked probation based upon the failure to report, the failure to pay costs, fines and fees, and a positive result in a test for the presence of illegal drugs.

Once a defendant violates the terms of his Community Corrections program, the trial court may revoke the sentence and impose a new one:

> The court shall also possess the power to revoke the sentence imposed at any time due to the conduct of the defendant or the termination or modification of the program to which the defendant has been sentenced, and the court may re-sentence the defendant to any appropriate sentencing alternative, including incarceration, for any period of time up to the maximum sentence provided for the offense committed, less any time actually served in the community-based alternative to incarceration.

Tenn. Code Ann. § 40-36-106(e)(4). In this instance, the defendant, a multiple offender, qualified for a sentence of between 12 and 20 years. See Tenn. Code Ann. § 39-17-417. Sale of cocaine in

excess of one-half gram is a Class B felony. He originally received the minimum term but ultimately agreed to the maximum.

Although the record indicates that there was a hearing pursuant to the issuance of the second revocation warrant, the transcript of the evidence was not made a part of this record. The order entered by the trial court simply provided that the defendant had violated the terms and conditions of the alternative sentence "for allegations of [the] warrant." In consequence, the trial court directed that the defendant serve the balance of his 20-year sentence due to a violation of the terms of his probation. Credit was given for the defendant's time in jail and the trial court also ordered credit for the amount of time the defendant was under the supervision of the Community Corrections program.

I

The purpose of the Community Corrections Act of 1985 was to provide an alternative means of punishment for "selected, non-violent felony offenders in front end community-based alternatives to incarceration." Tenn. Code Ann. § 40-36-103(1). Even though a defendant meets the minimum requirements for participation in a Community Corrections program, that does not mean that he or she is entitled to be sentenced under the act as a matter of law or right. See State v. Taylor, 744 S.W.2d 919, 922 (Tenn. Crim. App. 1987). Because the program is a "last chance" opportunity for those who would otherwise be incarcerated in a correctional institution, trial courts must be given substantial discretionary authority in order to weigh legitimate societal aims against a potential benefit to the defendant. See Tenn. Code Ann. § 40-36-106(a); State v. Griffith, 787 S.W.2d 340, 342 (Tenn. 1990). Upon the revocation of a Community Corrections sentence, trial courts have the power to re-sentence to a period of incarceration up to the maximum for the offense originally committed with a credit for time already served in the Community Corrections program. Tenn. Code Ann. § 40-36-106(e)(4). The trial court may impose a sentence greater than the original sentence without offending any prior jeopardy provision of either the Tennessee Constitution or the United States Constitution. Griffith, 787 S.W.2d at 341-42; see State v. Carpenter, _____ S.W.3d _____, No. M2002-02187-SC-R11-PC (Tenn. 2004). Because the Tennessee Criminal Sentencing Reform Act and the Community Corrections Act were construed pari materia as ruled in State v. Taylor, 744 S.W.2d at 920, the trial court must conduct a sentencing hearing after revocation of a Community Corrections sentence pursuant to the principles of the Sentencing Reform Act. State v. Cooper, 977 S.W.2d 130, 132 (Tenn. Crim. App. 1998). Because the Sentencing Reform Act provides that the record of the sentencing hearing "shall include specific findings of fact upon which application of the sentencing principles was based," the trial court must state on the record the reasons for the imposition of the new sentence. Tenn. Code Ann. § 40-35-209(c); State v. Gauldin, 737 S.W.2d 795, 798 (Tenn. Crim. App. 1987).[1]

---

[1]The United States Supreme Court's recent opinion in Blakely v. Washington, 542 U.S. ___, 2004 U.S. LEXIS 4573 (2004), calls into question the continuing validity of our current sentencing scheme. In that case, the Court, applying the rule in Apprendi v. New Jersey, 566 U.S. 466, 490 (2000), struck down a provision of the Washington sentencing guidelines that permitted a trial judge to impose an "exceptional sentence" upon the finding of certain statutorily enumerated enhancement factors. Id. The Court observed that "the 'statutory maximum' for Apprendi purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by*

(continued...)

In State v. Harkins, 811 S.W.2d 79 (Tenn. 1991), our supreme court ruled that a Community Corrections sentence is so similar to a probationary sentence as to require the application of the same standard of review. Our general law provides that a trial court may revoke a sentence of probation upon a finding by a preponderance of the evidence that the defendant has violated the conditions of his release. Tenn. Code Ann. § 40-35-311(e). On appeal, a revocation will be upheld absent an abuse of discretion. In order to establish that the trial court has abused its discretion, the defendant must show that there is no substantial evidence to support the determination that he violated his probation. Harkins, 811 S.W.2d at 82. Relief can be granted only when the trial court's logic and reasoning were improper when viewed in the light of the factual circumstances and the legal principles involved. State v. Shaffer, 45 S.W.3d 553, 555 (Tenn. 2001). The trial judge is not required to find that a violation of the terms of probation has occurred beyond a reasonable doubt. Stamps v. State, 614 S.W.2d 71, 73 (Tenn. Crim. App. 1980).

That the trial court approved an extension of the probationary term after the issuance of the initial revocation warrant indicated some leniency. The defendant, who was warned by his own defense counsel not to accept the state's offer of the maximum 20-year sentence in exchange for a final opportunity to finish his sentence in compliance with the probationary conditions, nevertheless chose to accept the agreement and assume the risk of his own non-compliance. The record indicates that the trial court delayed imposition of the greater sentence in order to give the defendant an ample opportunity to consider the potential consequences of his request for approval. In our view, a formal sentencing hearing or a revocation hearing, involving the production of witnesses, is not required when a defendant concedes that he violated the terms of the Community Corrections program and elects to accept, knowingly and voluntarily, an increased sentence through negotiations with the state. Cf. State v. Mahler, 735 S.W.2d 226 (Tenn. 1987). That the defendant chose to accept the 20-year sentence, if under a Community Corrections program, would not have been erroneous.

In State v. Ervin, 939 S.W.2d 581, 583 (Tenn. Crim. App. 1996), this court ruled that the purpose of the statute requiring a hearing is to ensure that a proper record is available for purposes of appeal and, even though the hearing is to determine if the violations warrant a different alternative sentence or incarceration, the statute does not permit the re-sentencing to be for the sole purpose of punishment for program violations. While it is error for a trial court, absent a hearing, to impose a greater term in the event of a violation of the conditions of a Community Corrections sentence, as provided in State v. Crook, 2 S.W.3d 238, 241 (Tenn. Crim. App. 1998) (holding that a predetermined sentence in the event of a violation is erroneous), the circumstances of this case are different in that the terms of re-sentencing were established after the issuance of the first revocation warrant, after the appearance of the defendant in open court, and after his voluntary consent to the greater sentence in exchange for another opportunity to comply with the terms of his conditions of release. If this had been a challenge to a 20-year sentence under Community Corrections as

[1](...continued)
the defendant." Id., at **13-14 (emphasis in original). Finally, the Court concluded that "every defendant has a *right* to insist that the prosecutor prove to a jury [beyond a reasonable doubt] all facts legally essential to the punishment." Id., at *31 (emphasis in original).

established at the initial revocation hearing and as the issue has been addressed in the appellate briefs, the judgment of the trial court would be affirmed.

There was, however, a second warrant which under prior precedent required a hearing and formal re-sentencing in accordance with the terms of the 1989 Act. That is, the 20-year sentence to prison, which under Crook constituted an entirely new sentence, had to be supported by statutory enhancement factors in order to be increased above the minimum. See State v. Samuels, 44 S.W.3d 489, 493-494 (Tenn. 2001). Because the trial court automatically imposed the 20-year sentence without identifying the statutory sentencing factors and then ordered the term served in prison, there was error, one which would ordinarily require a remand.

II

The critical factor, however, is the terminology utilized in the original judgment and the judgment modifying the term to 20 years. The trial court classified the alternative sentence as probation in each of the judgments. The supervision of the probation was made the responsibility of the Community Corrections officer. Because the plain language of the judgment controls, our initial conclusion is that this is a case of probation.

In State v. Samuels, our supreme court distinguished revocation of Community Corrections from a revocation of probation. See id. While observing that trial courts, upon revoking a Community Corrections sentence, have the authority to re-sentence the defendant for any period of time up to the maximum sentence provided for the offense committed, it noted that a revocation of probation "can only 'cause the defendant to commence the execution of the judgment as originally entered . . . .'" Id. at 495 (quoting Tenn. Code Ann. § 40-35-311(d) (1997)) (emphasis added).

As our high court has ruled in State v. Hunter, 1 S.W.3d 643 (Tenn. 1999), trial courts are limited upon a revocation of probation. There is only authority to order incarceration, require service of the original judgment, Tenn. Code Ann. §§ 40-35-310, -311, or to extend the probationary term for up to two years, Tenn. Code Ann. § 40-35-308(c); see State v. Calvin Reeves, No. M2002-02976-CCA-R3-CD (Tenn. Crim. App., at Nashville, July 2, 2004). Further, a defendant is not entitled to a credit for any time spent on probation unless the entire term is successfully completed. State v. Taylor, 992 S.W.3d 941 (Tenn. 1999).

Because this was a probationary term, the trial court had neither the authority to increase the sentence beyond the original term nor the power to grant credits for the time the defendant was supervised by the official within the Community Corrections program. The general rule is that an illegal sentence may be corrected at anytime. See State v. Burkhart, 566 S.W.2d 871, 873 (Tenn. 1978) (noting that the trial court had the power and duty to correct an illegal sentence at any time). A sentence is illegal if it directly contravened a statute in existence at the time it was imposed. Taylor v. State, 995 S.W.2d 78, 85 (Tenn. 1999).

III

There is another problem. The defendant received a Range II sentence of 12 years, the minimum possible with a maximum of 20 years. While the defendant was eligible for a Community Corrections sentence, no form of probation may be granted unless a defendant is sentenced to "eight years or less." Tenn. Code Ann. § 40-35-303(a).

Although not raised as an issue by the parties, there is clearly an invalid sentence. Ordinarily, courts will not consider issues that are not raised by the parties. State v. Walton, 958 S.W.2d 724, 727 (Tenn. 1997); State v. Ogle, 666 S.W.2d 58, 60 (Tenn. 1984). If the error is plain on the face of the record, however, it is a proper consideration for an appellate court whether properly assigned or not. Walton, 958 S.W.2d at 727; Ogle, 666 S.W.2d at 60. An error affecting the substantial rights of the accused may be noticed at any time where necessary to do substantial justice. Tenn. R. Crim. P. 52(b); Walton, 958 S.W.2d at 727. It is well settled that a judgment imposed by a trial court in direct contravention of express statutory provisions regarding sentencing is illegal and is subject to being set aside at any time, even if it has become final. McConnell v. State, 12 S.W.3d 795, 798 (Tenn. 2004).

Because both the judgment entered pursuant to the plea agreement and the judgment providing for an increased term to 20 years while continuing a probationary term, provided for illegal sentences, the conviction must be set aside. The cause is remanded for a new trial.

_____
GARY R. WADE, PRESIDING JUDGE