# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs November 2, 2004

## STATE OF TENNESSEE v. RODNEY WELCH

**Direct Appeal from the Circuit Court for Gibson County**
**No. 15874     Jon Kerry Blackwood, Judge**

---

**No. W2004-00789-CCA-R3-CD  - Filed February 15, 2005**

---

The defendant, Rodney Welch, pled guilty to unlawful possession of .5 grams or more of cocaine with the intent to sell, a Class B felony, and was sentenced to eight (8) years, as a Range I standard offender, with six (6) months to be served in confinement and the balance to be served in the Community Corrections Program.  The trial court subsequently revoked the defendant's community corrections sentence and re-sentenced the defendant to eleven (11) years in the Tennessee Department of Correction.  On appeal, the defendant challenges the trial court's revocation of his community corrections sentence and re-sentence of eleven (11) years in the Tennessee Department of Correction.  Upon review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

J.C. MCLIN, J., delivered the opinion of the court, in which JERRY L. SMITH and ROBERT W. WEDEMEYER, JJ., joined.

Tom W. Crider, District Public Defender, Trenton, Tennessee, for the appellant, Rodney Welch.

Paul G. Summers, Attorney General and Reporter; David H. Findley, Assistant Attorney General; Garry G. Brown, District Attorney General; and William Bowen, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### FACTS

On April 10, 2001, the defendant pled guilty to possession of .5 grams or more of cocaine with the intent to sell or deliver, a Class B felony.  The trial court sentenced him as a Range I standard offender to an effective sentence of eight (8) years, with six (6) months to be served in confinement and the balance to be served in the Community Corrections Program.  On August 3, 2003, a community corrections violation petition was filed seeking the defendant's arrest and requesting a revocation hearing.  The petition alleged that the defendant violated the terms and

conditions of his Behavioral Contract Agreement by: (1) failing to remain at home; (2) failing to remain employed; (3) failing to pay the scheduled court costs and supervision fees; (4) failing to report to numerous scheduled meetings with the supervising corrections officer; (5) failing to perform the minimum hours of community service; (6) incurring additional financial obligations by purchasing a car without approval of the supervising community corrections officer; (7) failing to notify his supervisor after changing his residence on several occasions; (8) failing to report his arrests for aggravated assault and domestic assault; and (9) testing positive for cocaine on January 13, 2004.

Following the hearing, the trial court revoked the defendant's community corrections sentence and re-sentenced the defendant to eleven (11) years in the Tennessee Department of Correction. The trial court stated the following to the defendant:

> The Court finds that the State has sustained its petition and has shown that you have violated the terms of your sentence to Corrections Management Corporation in failing to meet appointments, failing to do community service, failing to pay costs, failure to be where you're supposed to be and stay home, and failure on the cocaine testing. The Court finds that all of these violations justify your sentence being revoked. The Court finds that based upon the Pre-Sentence Report that was filed in this case that you have at least two prior felony convictions indicating a prior history of criminal conviction or criminal behavior in addition to those necessary to establish the appropriate range and an unwillingness to comply with the sentence involving release in the community.

## ANALYSIS

On appeal, the defendant contends that the trial court abused its discretion in revoking his community corrections sentence and re-sentencing him to a more severe sentence than originally imposed.

We initially note that if a defendant violates the terms of his community corrections sentence, the trial court may revoke the sentence and impose a new one. Tenn. Code Ann. § 40-36-106(e)(4). Additionally, if a trial court revokes a community corrections sentence, the court has the authority to re-sentence a defendant to a period of incarceration up to the maximum sentence for the offense originally committed, as long as the defendant is given credit for time already served in any Community Corrections Program. Id. The trial court may impose a sentence greater than the original sentence without offending the double jeopardy provision of either the Tennessee Constitution or the United States Constitution. State v. Griffith, 787 S.W.2d 340, 341-42 (Tenn. 1990).

However, when a trial court re-sentences the defendant to a sentence greater than the one originally imposed, the trial court must conduct a sentencing hearing pursuant to the Criminal Sentencing Reform Act of 1989. See Tenn. Code Ann. § 40-35-209(a); State v. Ervin, 939 S.W.2d 581, 583-84 (Tenn. Crim. App. 1996). Because the Sentencing Reform Act provides that the record

of a sentencing hearing "shall include specific findings of fact upon which application of the sentencing principles was based," it is mandatory for the trial court to state on the record the reasons for imposing a new sentence. Tenn. Code Ann. § 40-35-209(c) & -210(a)-(g); State v. Gauldin, 737 S.W.2d 795, 798 (Tenn. Crim. App. 1987).

Our supreme court has previously held that revocation of a community corrections sentence occurs upon a finding by a preponderance of the evidence that the defendant has violated the conditions of the sentence. State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991). Moreover, appellate review of a revoked sentence is subject to an abuse of discretion standard of review. Id.; Ervin, 939 S.W.2d at 583. If the trial judge has exercised "conscientious judgment in making the decision rather than acting arbitrarily," then there is no abuse of discretion. State v. Leach, 914 S.W.2d 104, 107 (Tenn. Crim. App. 1995) (citations omitted). Discretion is abused only if the record contains no substantial evidence to support the trial court's conclusion that a violation of a community corrections sentence has occurred. Harkins, 811 S.W.2d at 82; State v. Gregory, 946 S.W.2d 829, 832 (Tenn. Crim. App. 1997).

As a Range I offender convicted of a class B felony, the defendant was subject to a sentence ranging from eight (8) to twelve (12) years. Tenn. Code Ann. § 40-35-112(a)(12) (2003). Pursuant to Tennessee Code Annotated section 40-35-210(c), the presumptive sentence for a Class B felony is the minimum in the range if no enhancement or mitigating factors are present. Procedurally, the trial court starts with the minimum sentence, increasing the sentence within the range as appropriate based upon the existence of enhancement factors, and then, reducing the sentence within the range as appropriate based upon the existence of mitigating factors. Tenn. Code Ann. § 40-35-210(d)-(e). The weight to be afforded an existing factor is left to the trial court's discretion so long as it complies with the principles of the 1989 Sentencing Reform Act, and its findings are adequately supported by the record. Tenn. Code Ann. § 40-35-210, Sentencing Commission Cmts. In addition, the trial court's imposition of an enhanced sentence must be evaluated in light of the recent decision of Blakely v. Washington, 542 U.S. ----, 124 S.Ct. 2531 (2004). In Blakely, the United States Supreme Court held that the maximum sentence a judge may impose is one based solely on the facts reflected in a jury verdict or admitted by the defendant. Id. at 2537.

At the hearing, the proof showed that the defendant violated the terms and conditions of his community corrections sentence as alleged in the petition. The record reflects that the State offered substantial evidence of numerous violations alleged in the petition via the testimony of the defendant's community corrections supervisor and two law enforcement officers.[1] In challenging the testimony of the State, the defendant and his wife testified that the evidence establishing the violations was either not correct, or that the violations were justified. Here, the trial court heard the testimony of all the witnesses, weighed credibility, and resolved any conflicts in the evidence. As previously stated, the judgment of a trial court will not be disturbed on appeal unless it appears from

---

[1] The transcript of the revocation hearing indicates that four additional police officers were prepared to testify that the defendant was seen on several occasions at places not authorized by the community service agreement.

the record that there has been an abuse of discretion. Therefore, we conclude that the trial court did not abuse its discretion in revoking the defendant's community corrections sentence.

Regarding the trial court's imposition of the greater sentence, we conclude that the defendant is not entitled to relief because the increase of the defendant's presumptive sentence was based on the existence of prior criminal convictions, which does not violate Blakely. See Blakely, 124 S.Ct. at 2536; See also Apprendi v. New Jersey, 566 U.S. 466, 490 (2000). At the revocation hearing, the trial court gave considerable weight to the defendant's prior criminal history when re-sentencing him to eleven (11) years in the Tennessee Department of Correction. The trial court stated it was increasing the defendant's sentence based upon the presentence report, which indicated that the defendant had a prior criminal history including "at least two prior felony convictions."

Because the presentence report was not made a part of the record on appeal, we are unable to determine if the defendant does in fact have at least two prior felony convictions. We note that it is the defendant's duty to prepare such a record and transcript necessary to convey a fair, accurate and complete account of what transpired relative to the issue on appeal. Tenn. R. App. P. 24(b). When the appellate record is inadequate, the appellate court is precluded from considering the issue, and the trial court's ruling is presumed correct. State v. Oody, 823 S.W.2d 554, 559 (Tenn. Crim. App. 1991); State v. Roberts, 755 S.W.2d 833, 836 (Tenn. Crim. App. 1988). From the transcript of the sentencing hearing, it appears that the trial court considered and relied upon the presentence report in finding that the defendant had at least two prior felony convictions. Consequently, we conclude that the trial court's factual findings in the present case are correct, and therefore do not violate the rule of Blakely.

## CONCLUSION

Accordingly, the judgment of the trial court is affirmed.

_____
J.C. McLIN, JUDGE